**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEON THOMAS, | No. 15-55313 |
| Plaintiff-Appellee, | D.C. No. 2:10-cv-02671-JGB-CW |
| v. | |
| FRANCISCO QUINTANA; and BRADLEY JURGENSEN, | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted November 10, 2016
Pasadena, California

Before: BERZON and NGUYEN, Circuit Judges, and ZOUHARY,[**] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

In this *Bivens*[1] action brought by federal prisoner Leon Thomas, Defendants Francisco Quintana and Bradley Jurgensen appeal the district court's denial of their motion for summary judgment based on qualified immunity. As to Jurgensen, we affirm in part and reverse in part the district court's decision. As to Quintana, we reverse the district court's decision.

Government officials are entitled to qualified immunity unless (1) the facts taken most favorably to the party alleging injury show that the official violated a constitutional right, and (2) that constitutional right was clearly established at the time of the alleged injury such that a reasonable official would understand his actions violated the law. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citing *Saucier v. Katz*, 533 U.S. 194 (2001)).

1. The evidence viewed in the light most favorable to Thomas supports a finding that Jurgensen violated Thomas' clearly established constitutional right to be free from "deliberate indifference to serious medical needs" while incarcerated, by denying Thomas adequate cell accommodations. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Prison officials must provide accommodations to prisoners with disabilities so that

_____

[1] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

they can attend to their basic needs, including showering and using the toilet, without risking injury. *Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998); *see also LaFaut v. Smith*, 834 F.2d 389, 394 (4th Cir. 1987).

Thomas has presented evidence that the accommodations in Cell 137 created an objective risk of "significant injury or the unnecessary and wanton infliction of pain." *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)). Cell 137 lacked rails outside the shower and a lifting device, such as a trapeze or grab-bar, above the bed. Until April 2010, the cell also lacked rails around the toilet, and until June 2010 the lower shower button was broken.[2] Without these cell accommodations Thomas could not safely shower, use the toilet, and move to, from, and within, the bed. As a result, Thomas fell several times, injuring his back and leg. For Thomas, an

---

[2] At this stage of the proceedings, we accept as true Thomas' statements that there were no rails around the toilet and that the shower button was broken. *See Carrillo v. Cty. of Los Angeles*, 798 F.3d 1210, 1218 (9th Cir. 2015). Defendants' argument that only Thomas' "self-serving" testimony supports these facts misunderstands the applicable standard. At the summary judgment stage, a court may not "disregard a piece of evidence . . . solely based on its self-serving nature." *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015). "[D]eclarations are often self-serving, and this is properly so because the party submitting it would use the declaration to support his or her position." *Id.* Thomas' statements regarding the toilet rails and shower button are based on his personal knowledge, and are internally consistent, so there is no reason to discredit them at this stage of the proceedings. *See id.*

amputee weighing over 300 pounds, a fall from the toilet, or while transferring to and from the shower or bed, could result in significant injury and pain.

Jurgensen acted with "deliberate indifference" because he "kn[ew] of and disregard[ed] an excessive risk to [Thomas'] health." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Jurgensen had notice of the inadequacy of the accommodations in Cell 137 as they related to Thomas' disability. Thomas presented evidence that he complained to Jurgensen about these issues more than fifteen times while Jurgensen made his rounds of the institution where Thomas was housed. According to Thomas, Jurgensen observed the absence of rails around the toilet and outside the shower in Cell 137, but neglected to remedy the situation. Thomas requested that Jurgensen see to it that a lifting device was installed, but Jurgensen declined to provide that accommodation.[3] Thomas also presented evidence that he informed Jurgensen that he had fallen and injured himself several times because of the lack of rails around the toilet and outside the shower. The record thus supports

---

[3]  Jurgensen indicates that the Assistant Health Services Administrator, Louis Sterling, advised him Thomas should not be allowed a trapeze in his cell and that such a device was not medically necessary. However, Sterling is not a medical practitioner, and, moreover, Jurgensen did not provide an alternative lifting device to remedy the underlying problem: Thomas' inability to safely lift himself in and out of, and move within, his bed.

4

a finding that Jurgensen was deliberately indifferent to an excessive risk to Thomas' health.

In contrast, the record does not show that Quintana was made aware of the specific deficiencies of Thomas' cell. Thomas avers that he spoke to Quintana three times about his dissatisfaction with his cell and his desire for greater disability accommodations, but the record does not describe what, if any, details Thomas told Quintana. Nor does the record suggest that Quintana knew Thomas had fallen because of the inadequate accommodations. Although Thomas submitted administrative remedy requests to Quintana while he was housed in Cell 137, those requests did not raise the specific defects in the cell itself. In the only remedy request from the relevant time period to which Quintana himself responded, Thomas requested that his back brace and wheelchair cushion be returned, and that he be transferred to a care level three institution.[4] Thomas' other administrative remedy requests likewise did not put Quintana on notice about the absence of adequate rails and a lifting device, or the broken shower button: the

---

[4] Thomas attached a handwritten complaint letter addressed to Quintana and dated February 24, 2010 to his Lodged Complaint. But there is no allegation that the letter was sent or received, nor was the letter attached to the complaint as filed.

other requests either did not mention those deficiencies, or were addressed to, and handled by, other prison officials.

2. With respect to the medical equipment, we find that neither Quintana nor Jurgensen violated clearly established law by showing "deliberate indifference to [Thomas'] serious medical needs." *See Jackson*, 90 F.3d at 332 (citing *Estelle*, 429 U.S. at 104). Thomas maintains that both the back brace and the wheelchair cushion were necessary to manage his pain and other symptoms. But two different prison medical officers determined that a back brace was not medically necessary. Moreover, medical evaluations revealed no ulcers, lesions, or other skin sores after Thomas was provided an extra-wide wheelchair. The evidence in the record does not, therefore, indicate that the denial of the medical equipment caused an "excessive risk to [Thomas'] health." *Farmer*, 511 U.S. at 837. Accordingly, we reverse the district court's denial of qualified immunity with respect to Thomas' allegations related to the denial of a back brace and wheelchair cushion.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED**.