**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY V. NIGRO,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>SEARS, ROEBUCK AND CO.,<br>*Defendant-Appellee*. | No. 12-57262<br><br>D.C. No.<br>3:11-cv-01541-<br>MMA-JMA<br><br>ORDER AND<br>AMENDED<br>OPINION |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted
February 5, 2015—Pasadena California

Filed February 25, 2015
Amended April 10, 2015

Before: Stephen Reinhardt, Ronald M. Gould, Circuit
Judges, and Robert W. Gettleman, Senior District Judge.[*]

Order;
Opinion by Judge Gould

---

[*] The Honorable Robert W. Gettleman, Senior District Judge for the
U.S. District Court for the Northern District of Illinois, sitting by
designation.

## SUMMARY[**]

### Disability Discrimination

The panel withdrew the opinion filed on February 25, 2015, and replaced it with an amended opinion, and reversed the district court's summary judgment in favor of Sears, Roebuck and Co. in a former employee's diversity action alleging disability discrimination claims under California's Fair Employment and Housing Act.

The panel held that the employee presented triable claims under FEHA: (1) that Sears discriminated against the employee because of his disability; (2) that Sears declined to accommodate the employee's disability; and (3) that Sears did not engage in an interactive process to determine possible accommodation for the employee's disability. The panel noted that it was beside the point that some of the employee's evidence was self-serving because such testimony was admissible, though absent corroboration, it may have limited weight by the trier of fact at trial. The panel further noted that a district court could disregard a self-serving declaration that stated only conclusions and not facts that would be admissible evidence. The panel remanded for further proceedings.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Kirk D. Hanson (argued), Law Offices of Kirk D. Hanson, San Diego, California, for Plaintiff-Appellant.

Anne-Marie Waggoner (argued), Littler Mendelson, P.C., Walnut Creek, California; Jody A. Landry, Caryn M. Anderson, Littler Mendelson, P.C., San Diego, California, for Defendant-Appellee.

**ORDER**

The opinion in the above-captioned matter filed on February 25, 2015, and published at 778 F.3d 1096, is amended and replaced by the amended opinion filed concurrently with this order. With this amendment, no petitions for rehearing or requests for amendment will be accepted.

**OPINION**

GOULD, Circuit Judge:

Anthony Nigro appeals the district court's entry of summary judgment in favor of his former employer Sears, Roebuck and Co. ("Sears") in Nigro's diversity action against Sears, alleging three disability discrimination claims under the California Fair Employment and Housing Act ("FEHA"). We have jurisdiction under 28 U.S.C. § 1291. We must decide whether there are any genuine issues of material fact on Nigro's four discrimination claims. We conclude that the

answer is yes, so we reverse and remand for further proceedings.

In May 2011, Nigro filed suit against Sears in California state court, claiming under FEHA (1) that Sears discriminated against him because of his disability, (2) that Sears declined to accommodate his disability, and (3) that Sears did not engage in an interactive process to determine possible accommodation for his disability. Nigro also alleged that Sears wrongfully terminated his employment in violation of California public policy. Sears removed the action to federal court. Sears then moved for summary judgment on each of Nigro's claims, and the district court granted Sears's motion on November 28, 2012. Nigro appealed.

We review the district court's grant of summary judgment *de novo*. *Del. Valley Surgical Supply, Inc. v. Johnson & Johnson*, 523 F.3d 1116, 1119 (9th Cir. 2008). "We must determine, viewing the evidence in the light most favorable to [Nigro], the non-moving party, whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law." *Olsen v. Idaho St. Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). A factual issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

# I

To establish a prima facie case of disability discrimination under FEHA, Cal. Gov't Code § 12940(a), Nigro must show that "(1) he suffers from a disability; (2) he is otherwise qualified to do his job; and, (3) he was subjected to adverse employment action because of his disability."

*Faust v. California Portland Cement Co.*, 58 Cal. Rptr. 3d 729, 745 (Cal. Ct. App. 2007). The district court found that Nigro did not establish element (3), i.e., Nigro did not show a causal relationship between his termination by Sears and his disability.[1]

To establish that he was terminated by Sears because of his disability, Nigro submitted a declaration stating that on June 29, 2009, he had a phone conversation with Larry Foerster, General Manager of the Sears Carlsbad store at which Nigro worked, and Foerster told him that "[i]f you're going to stick with being sick, it's not helping your situation. It is what it is. You're not getting paid, and you're not going to be accommodated." Nigro also testified in his deposition that Sears's District Facilities Manager Alan Kamisugu told him not to be concerned about his pay issue because Chris Adams, Sears's District General Manager, had indicated to Kamisugu that Nigro was "not going to be here anymore." The district court disregarded the evidence proffered by Nigro, on the basis that "the source of this evidence is Nigro's own self-serving testimony."

We have previously acknowledged that declarations are often self-serving, and this is properly so because the party submitting it would use the declaration to support his or her position. *S.E.C. v. Phan*, 500 F.3d 895, 909 (9th Cir. 2007) (holding that the district court erred in disregarding

---

[1] Sears challenges the district court's determination that Nigro established element (2) of his claim. On this issue, we agree with the district court. Nigro established that with reasonable accommodations, such as a later start time and—during severe flare-ups—finite medical leaves, he was able to perform the essential functions of his position. He was, therefore, "otherwise qualified" to do his job. *See Humphrey v. Mem'l Hospitals Ass'n*, 239 F.3d 1128, 1135–36 (9th Cir. 2001).

declarations as "uncorroborated and self-serving"). Although the source of the evidence may have some bearing on its credibility and on the weight it may be given by a trier of fact, the district court may not disregard a piece of evidence at the summary judgment stage solely based on its self-serving nature. *See id.* However, a self-serving declaration does not always create a genuine issue of material fact for summary judgment: The district court can disregard a self-serving declaration that states only conclusions and not facts that would be admissible evidence. *See id.*; *see also Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002) (holding that the district court properly disregarded the declaration that included facts beyond the declarant's personal knowledge and did not indicate how she knew the facts to be true); *F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.").

Here, Nigro's declaration and deposition testimony, albeit uncorroborated and self-serving, were sufficient to establish a genuine dispute of material fact on Sears's discriminatory animus. He related statements made to him both in person and over the telephone. His testimony was based on personal knowledge, legally relevant, and internally consistent. We conclude that the district court erred in disregarding Nigro's testimony in granting Sears's motion for summary judgment.

Nigro's direct supervisor Jason Foss also testified that Chris Adams said to him—referring to Nigro—that "I'm done with that guy." The district court found Foss's testimony to be inadmissible hearsay. But Foss's statement attributed to Adams should be admissible as a party admission. *See* Fed.

R. Evid. 801(d)(2)(D). Because Adams's statements and the evidence proffered by Nigro could allow a reasonable jury to infer that Sears terminated Nigro because of his disability, there is a genuine issue of material fact. We reverse the district court's entry of summary judgment on Nigro's discrimination claim.[2]

## II

The district court also granted summary judgment in favor of Sears on Nigro's claim that Sears failed to accommodate his disability. The elements of a failure to accommodate claim are: "(1) the plaintiff has a disability under the FEHA, (2) the plaintiff is qualified to perform the essential functions of the position, and (3) the employer failed to reasonably accommodate the plaintiff's disability." *Scotch v. Art Inst. of California-Orange Cnty., Inc.*, 93 Cal. Rptr. 3d 338, 358 (Cal. Ct. App. 2009). Because ulcerative colitis caused Nigro loss of sleep at night, his direct supervisor Foss had allowed Nigro to start his shifts at 9:00 A.M. instead of 6:00 A.M. as needed. The district court concluded that there were no genuine issues of material fact because Nigro continued to be accommodated by Foss, despite "any actual or perceived irritation" by Foss's supervisor Foerster. We disagree.

Although Nigro testified that Foss "continued to accommodate him," the record also reveals that Foerster did

---

[2] Because we hold that the district court's grant of summary judgment to Sears on Nigro's disability discrimination claim under FEHA was improper, we reverse the district court's grant of summary judgment to Sears on Nigro's disability discrimination claim under California public policy as well. *See City of Moorpark v. Superior Court*, 959 P.2d 752, 763 (Cal. 1998) ("[D]isability discrimination can form the basis of a common law wrongful discharge claim.").

not approve this accommodation and required Nigro to arrive on time, at 6:00 A.M., "every day." Nigro claims that Foerster's unwillingness to accommodate his later start time "chilled" the "exercise of his right to request this accommodation." This claim is supported by Nigro's testimony that he came to work at 6:00 A.M. every day after he returned to work in May 2009, despite the fact that he felt as though "he needed to come in later every day." A reasonable jury could infer that Foerster's unwillingness to accommodate compelled Nigro to arrive at 6 A.M. every day despite his need to arrive later, so summary judgment is improper here.

## III

Finally, the district court granted summary judgment on Nigro's claim that Sears did not engage in an interactive process as required by FEHA. *See* Cal. Gov't Code § 12940 (requiring that an employer engage in a "timely, good faith, [and] interactive process . . . to determine effective reasonable accommodations"). The district court found that Nigro never put Sears on notice that he needed an accommodation, and that even if his June 29, 2009 phone conversation with Foerster put Sears on notice, Sears was accommodating him. But again, by disapproving the accommodation, Foerster "chilled" Nigro's "exercise of his right to request this accommodation." Also, Foerster's alleged statement on June 29 that he will not accommodate Nigro in the future and Foss's testimony to the same effect created a genuine issue of material fact that renders summary judgment improper. In short, because Nigro's requests for accommodations in May 2009 and Nigro's telephone conversation with Foerster in June 2009 put Sears on notice that Nigro needed accommodations, a reasonable jury could

find that Sears had an obligation to engage in the interactive process required by FEHA and failed to do so.

**IV**

We have previously held in several cases that it should not take much for plaintiff in a discrimination case to overcome a summary judgment motion. *See, e.g.*, *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008); *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008); *Metoyer v. Chassman*, 504 F.3d 919, 939 (9th Cir. 2007); *Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1042 (9th Cir. 2005); *Chuang v. Univ. of Cal. Davis, Bd. of Trustees*, 225 F.3d 1115, 1124 (9th Cir. 2000). "This is because the ultimate question is one that can only be resolved through a searching inquiry—one that is most appropriately conducted by a factfinder, upon a full record." *Id.*

Here, Nigro presented several state law claims that deserved trial. It should not take a whole lot of evidence to establish a genuine issue of material fact in a disability discrimination case, at least where the fact issue on discrimination is genuine and the disability would not preclude gainful employment of a person working with accommodation. We acknowledge that this is not a wholly one-sided case on the side of Nigro, and Sears put forward substantial evidence showing that it had a non-discriminatory reason for terminating Nigro's employment, i.e., Sears's position that Nigro did not comply with Sears's attendance and leave policies resulting in job abandonment. It is possible that Sears will prevail at trial, but the statements attributed to Sears's supervisors by Nigro are, if not dispositive, sufficient to raise a genuine issue for the trier of

fact.   *See Metoyer*, 504 F.3d at 939 (holding that an employer's evidence of a non-discriminatory motive does not warrant entry of summary judgment when the employee also proffered evidence to the contrary).

It is, moreover, entirely beside the point that some of Nigro's evidence was self-serving, as it will often be the case in a discrimination case that an employee has something to say about what company representatives said to him or her. Such testimony is admissible, though absent corroboration, it may have limited weight.   But again, the weight is to be assessed by the trier of fact at trial, not to be the basis to disregard the evidence at the summary judgment stage.

**REVERSED AND REMANDED.**