NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 1 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAMON LAMAR CAMPBELL,

Plaintiff - Appellant,

v.

MANUEL PORTILLO; et al.,

Defendants - Appellees.

No. 12-17820

D.C. No. 3:11-cv-00532-RCJ-VPC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted June 22, 2015[**]

Before:    HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Nevada state prisoner Damon Lamar Campbell appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

excessive use of force and deliberate indifference to his serious medical needs.

We have jurisdiction under 28 U.S.C. § 1291.   We review de novo.   *Toguchi v.*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

*Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment on Campbell's deliberate indifference claim because Campbell failed to raise a genuine dispute of material fact as to whether defendants Clark and Beun were deliberately indifferent to Campbell's injuries resulting from the altercation. *See id.* at 1057-60 (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health; negligence and a mere difference in medical opinion are insufficient).

The district court properly granted summary judgment as to defendants Baca and Lindsay because Campbell failed to raise a genuine dispute of material fact as to whether Baca and Lindsay were personally involved in any constitutional violation or whether there was a causal connection between their conduct and any such violation. *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (requirements for establishing supervisory liability).

However, in granting summary judgment on Campbell's excessive force claim, the district court improperly disregarded the factual allegations contained in Campbell's verified complaint. *See Nigro v. Sears, Roebuck and Co.*, 784 F.3d

495, 497-98 (9th Cir. 2015) (district court cannot disregard evidence at the summary judgment stage solely based on its self-serving nature even if it is uncorroborated); *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (recognizing that verified pleadings are admissible to oppose summary judgment). Viewing the evidence in the light most favorable to Campbell, Campbell raised a genuine dispute of material fact as to whether defendants maliciously and sadistically used force against him. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (holding that "the core judicial inquiry" in resolving an Eighth Amendment excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm"); *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013) (a court reviewing a summary judgment motion must "assume the truth of the evidence set forth by the nonmoving party"). Accordingly, we reverse and remand for further proceedings as to this claim.

The district court did not abuse its discretion in denying Campbell's motion for default judgment as a discovery sanction because the record supports the district court's conclusion that defendants proceeded with discovery in good faith and were unable to locate the videotape. *See Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 822 (9th Cir. 2011) (setting forth standard of

review).   Nor did the district court abuse its discretion in denying Campbell's

request to extend discovery.   *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir.

2002) (describing trial court's broad discretion in discovery matters).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**