**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 03 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY G. HERBERT, | No. 14-35496 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00640-RSL |
| v. | |
| CARYN VERTUCCI, Public Health Dentist; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted July 21, 2015[**]

Before:     CANBY, BEA, and MURGUIA, Circuit Judges.

Anthony G. Herbert, a former King County pretrial detainee, appeals pro se

from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious dental needs.  We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We affirm in part, vacate in part, and remand.

The district court properly granted summary judgment to defendant Dumas because Herbert failed to raise a genuine dispute of material fact as to whether Dumas was personally involved in any constitutional violation or whether his conduct caused any such violation. *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (requirements for establishing supervisory liability).

The district court properly granted summary judgment to defendants Schaeffer, Derrah, Beckman, and Desai because Herbert failed to raise a genuine dispute of material fact as to whether these defendants were deliberately indifferent to Herbert's serious dental needs. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; neither a difference of opinion concerning the course of treatment nor mere negligence in diagnosing or treating a medical condition amounts to deliberate indifference); *see also Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241 (9th Cir. 2010) (deliberate indifference standard applies to pretrial detainees); *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (failure to follow internal prison policies does not rise to the level

of a constitutional violation). To the extent that Herbert's claim against defendant Vertucci was premised on the failure to provide treatment in June 2012 or the cancellation of a November 2012 appointment, the district court properly granted summary judgment for the same reason.

With regard to Herbert's claim that defendant Vertucci improperly failed to extract multiple wisdom teeth in December 2011, however, Herbert raised a genuine dispute of material fact as to whether Vertucci was deliberately indifferent to his serious dental needs. Herbert submitted evidence showing that Vertucci recognized the need to extract multiple teeth, but, pursuant to an informal policy, refused to extract more than one tooth, causing Herbert to suffer pain. *See Colwell v. Bannister*, 763 F.3d 1060, 1068-70 (9th Cir. 2014) (disregarding a serious medical need because requested treatment conflicts with prison policy may constitute deliberate indifference); *see also Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015) (district court cannot disregard evidence at the summary judgment stage solely based on its self-serving nature, even if it is uncorroborated); *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (verified motions and pleadings are admissible to oppose summary judgment). Accordingly, we vacate summary judgment on this claim and remand for further

proceedings.  We express no opinion on whether Vertucci is entitled to qualified immunity on this claim.

Each party shall bear its own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**