**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 22 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AIMEE GREENE,

        Plaintiff - Appellant,

v.

BUCKEYE VALLEY FIRE
DEPARTMENT et al.,

        Defendants - Appellees.

No. 13-16102

D.C. No. 2:11-cv-02351-NVW

AMENDED MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted July 9, 2015
San Francisco, California

Before: GILMAN,[**] GRABER, and WATFORD, Circuit Judges.

Plaintiff Aimee Greene sued Buckeye Valley Fire Department and its

individual officers ("Defendants") under Title VII of the Civil Rights Act of 1964,

alleging gender discrimination and retaliation, and under 42 U.S.C. § 1983,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Ronald Lee Gilman, Senior United States Circuit Judge for the Court of Appeals for the Sixth Circuit, sitting by designation.

alleging denial of equal protection. The district court granted Defendants' motion for summary judgment, and Plaintiff appeals. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, Vasquez v. County of Los Angeles, 349 F.3d 634, 639 (9th Cir. 2004), we affirm in part, reverse in part, and remand.

1. The district court did not err when it concluded that Plaintiff's Title VII claims arising out of "discrete acts of discrimination" that occurred before February 3, 2010, are time-barred. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 105 (2002) (stating rule). The district court properly applied 42 U.S.C. § 2000e-5(e)(1), which sets forth the relevant limitations period. Alleged discriminatory acts that occurred before February 3, 2010, may, however, be used as background evidence to support Plaintiff's timely claims. Morgan, 536 U.S. at 113.

Moreover, Plaintiff may sue directly under § 1983 for alleged discriminatory acts that occurred less than two years before she filed her complaint. See Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 974 (9th Cir. 2004); Ariz. Rev. Stat. § 12-542 (establishing two-year statute of limitations for personal injury claims in Arizona).

2. The district court erred when it granted Defendants' motion for summary judgment on Count I, Plaintiff's claim for gender discrimination in violation of 42

U.S.C. § 2000e-2(a)(1), except to the extent that the court entered summary judgment for Defendants Benbow and Alexander in their individual capacities. See Holly D. v. Cal. Inst. of Tech., 339 F.3d 1158, 1179 (9th Cir. 2003) (holding that Title VII does not provide for a damages claim against supervisors or fellow employees). Plaintiff presented sufficient evidence to create a genuine dispute of material fact as to whether Defendants' proffered nondiscriminatory reasons for failing to promote her to full-time firefighter were pretextual. See Dominguez-Curry v. Nev. Transp. Dep't, 424 F.3d 1027, 1037 (9th Cir. 2005) (describing the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)). She presented evidence, for example, that a number of the captains, battalion chiefs, and crew members at Buckeye Valley Fire Department expressed hostility toward Plaintiff because of her sex. She also presented evidence that the prioritized hiring lists used to make full-time firefighter promotion decisions are generated almost exclusively through input from those same captains, battalion chiefs, and crew members. That evidence, taken together, is sufficient to show a "nexus" between the alleged discrimination and the subsequent promotion decision. See Vasquez, 349 F.3d at 640 (requiring such a nexus). Similarly, Plaintiff presented sufficient evidence with respect to the acting captain position. Defendants claimed primarily that budgetary concerns prevented reserve

3

firefighters from being considered for promotion to acting captain and, in addition, that Plaintiff's performance at the assessment center ruled her out. But a male firefighter who worked as both a reserve firefighter for the Buckeye Valley Fire Department and as a captain for another fire department was hired as a captain during the relevant period without having to take the captain's test and without having participated in the assessment center, thus permitting an inference of pretext as to both budgetary concerns and assessment-center performance.

Plaintiff did not, however, present sufficient evidence to create a genuine dispute of material fact with respect to whether Defendants' proffered nondiscriminatory reasons for failing to promote her to captain were pretextual. Those decisions were made by the Buckeye Valley Fire Department's District Board, independent of any alleged discriminatory conduct by individual officers. See id. (concluding that discriminatory remarks by subordinates cannot be imputed to independent and legitimate employment decisions).

3. The district court erred in granting Defendants' motion for summary judgment on Count IV, retaliation. When evaluating the evidence at the summary judgment stage, "the district court may not disregard a piece of evidence . . . solely based on its self-serving nature." Nigro v. Sears, Roebuck & Co., 784 F.3d 495, 497–98 (9th Cir. 2015). Here, the court improperly rejected Plaintiff's testimony

4

that, like her, other male reserves had not completed required training programs, yet they remained on active status while she was placed on inactive leave status. Plaintiff's testimony constitutes direct evidence of pretext sufficient to prevail on Defendants' motion.

4. The record does not show that the Assistant Chief or the Fire Chief shared the discriminatory views of others in the Department. But the record does permit an inference that they knew of the pervasive discriminatory attitudes of others in the department and knowingly failed to prevent discriminatory or retaliatory failures to promote. Because Plaintiff presented sufficient evidence to create genuine disputes of material fact as to Defendants' intent to discriminate against her under Title VII, she also did so under § 1983. Sischo-Nownejad v. Merced Cmty. Coll. Dist., 934 F.2d 1104, 1113 (9th Cir. 1991).

**AFFIRMED in part, REVERSED in part, and REMANDED.** Costs on appeal awarded to Plaintiff -Appellant.