
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRELL D. HALL,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>ADAMS, Officer; et al.,<br><br>    Defendants - Appellees. | No. 15-15765<br><br>D.C. No. 2:13-cv-00324-AC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Allison Claire, Magistrate Judge, Presiding[**]

Submitted May 24, 2016[***]

Before:  REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

  Terrell D. Hall appeals pro se from the district court's summary judgment

for failure to exhaust administrative remedies in his 42 U.S.C. § 1983 action

---

   [*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]  The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

   [***]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

regarding issues related to the food he was provided at the San Joaquin County Jail. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We reverse and remand.

The district court properly concluded that defendants carried their initial burden of showing that there was an existing and generally available administrative remedy, and that Hall did not exhaust. *See Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc) (setting forth respective burdens where defendants argue that plaintiff failed to exhaust). However, Hall presented evidence that a "slot" that was supposed to contain blank grievance forms was always empty, defendants refused to provide him grievance forms, and asking other individuals for forms would have been futile. Hall therefore met his burden to come forward with evidence showing "that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *See id.*; *see also Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015) (district court cannot "disregard a piece of evidence at the summary judgment stage solely based on its self-serving nature[,]" even if it is uncorroborated). Because defendants did not carry their burden of proving that Hall had not exhausted available administrative remedies, we conclude that summary judgment was improper and we remand for further proceedings. *See*

*Williams*, 775 F.3d at 1191-92 (explaining that "[t]he ultimate burden of proof . . . remains with the defendants" and rejecting as "a virtual non-sequitur" defendants' argument about the multiple unrelated appeals that the plaintiff was able to file successfully).

In light of our disposition, we do not consider Hall's contentions regarding the denial of discovery and denial of appointment of counsel, and the effect of the denials on the district court's summary judgment.

**REVERSED and REMANDED.**