**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 03 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRETT TRENIER, an individual, | No. 14-56537 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:13-cv-07008-BRO-JEM |
| HMS HOST, INC., a Delaware corporation; HOST INTERNATIONAL, INC., incorrectly sued as HMS Host, Inc. a Delaware corporation, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Argued and Submitted August 30, 2016
Pasadena, California

Before: KOZINSKI and BYBEE, Circuit Judges, and WALTER,** District Judge.

Plaintiff Brett Trenier appeals a grant of summary judgment in favor of

Defendant Host International, Inc. on his claims for race discrimination and failure

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Donald E. Walter, United States District Judge for the Western District of Louisiana, sitting by designation.

to prevent race discrimination under the California Fair Employment and Housing Act. *See* Cal. Gov't Code § 12940(a). We reverse and remand for further proceedings.

1.      The district court erroneously excluded testimony from Jamilah DeRoux as hearsay. This testimony, however, falls within Federal Rule of Evidence 801(d)(2)(D)'s exception to hearsay for statements made by an opposing party's agent or employee on a matter within the scope of employment. *See Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 498 (9th Cir. 2015) (holding that a supervisor's statement attributed to the company's district general manager fell within Rule 801(d)(2)(D)). DeRoux's testimony that Krissman laughed when asked if Trenier was not hired as a manager because of his race, that Filart stated she was afraid that Trenier would not be hired on account of his race, and that Matthews indicated that "they didn't want to put another black person in there" are all statements by Defendant's employees within the scope of their employment. They are, therefore, admissible.

2.      In light of DeRoux's testimony, there are material disputes of fact that make summary judgment inappropriate. *Id.* at 499 (9th Cir. 2015) ("[I]t should not take much for a plaintiff in a discrimination case to overcome a summary judgment

motion." (citations omitted)).  Under California law, Trenier had the initial burden

of showing that

> (1) he was a member of a protected class, (2) he was qualified for the
> position he sought or was performing competently in the position he
> held, (3) he suffered an adverse employment action, such as
> termination, demotion, or denial of an available job, and (4) some
> other circumstance suggests discriminatory motive.

*Guz v. Bechtel Nat'l Inc.*, 8 P.3d 1089, 1113 (Cal. 2000).  It is undisputed that

Trenier belongs to a racial minority and suffered an adverse employment action.

The district court correctly found that a genuine issue of material fact exists as to

whether Trenier was qualified for the position.  However, the district court erred in

finding no genuine dispute of fact as to Host's alleged discriminatory motive.

Plaintiff proffered sufficient evidence of discriminatory motive, including

DeRoux's testimony, to withstand summary judgment.  *See Godwin v. Hunt*

*Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998) ("The requisite degree of proof

necessary to establish a prima facie case . . . on summary judgment is minimal and

does not even need to rise to the level of a preponderance of the evidence."

(citation omitted)).  And assuming Host has met its burden of showing a

"nondiscriminatory reason[] for the allegedly discriminatory conduct," *see id.*,

Trenier proffered sufficient evidence to create a genuine dispute of fact as to

whether that reason was pretextual.  For example, Matthews (one of Trenier's

3

interviewers) allegedly told DeRoux that she thought Trenier was not hired as a manager because of his race. Although Matthews denies saying this, the credibility of DeRoux's testimony should not be decided during summary judgment. *Cf. id.* at 1222 ("Although 'shifting explanations are acceptable when viewed in the context of other surrounding events . . . such weighing of the evidence is for a jury, not a judge.'" (citation omitted)).

**REVERSED and REMANDED.**