**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AFROUZ NIKMANESH, on behalf of
herself, the general public, and all others
similarly situated,

        Plaintiff-Appellant,

  v.

WALMART INC.; DOES, 1-10, inclusive;
WAL-MART ASSOCIATES, INC., a
Delaware corporation,

        Defendants-Appellees.

No.  18-55557

D.C. No.
8:15-cv-00202-AG-JCG

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted November 14, 2019
Pasadena, California

Before: FERNANDEZ, M. SMITH, and MILLER, Circuit Judges.

Afrouz Nikmanesh appeals from the district court's order granting summary

judgment in favor of Walmart on her claim of wrongful termination in violation of

public policy, her claim of retaliation in violation of California Labor Code

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

§ 1102.5, and a derivative claim under the Private Attorney General Act (PAGA). We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand for further proceedings.

1. Nikmanesh raised genuine issues of fact about whether she was terminated in violation of public policy. *See Tameny v. Atl. Richfield Co.*, 610 P.2d 1330, 1335–37 (Cal. 1980). In reaching a contrary conclusion, the district court determined that Nikmanesh was not terminated but instead "resigned from her position as a Pharmacy Manager." The court relied on two emails that Nikmanesh sent to her supervisor, both of which suggest that she voluntarily resigned to take another job. But Nikmanesh testified in her deposition and in a sworn declaration that before she sent those emails, her supervisor had already confirmed that she could transfer to a part-time position—as Nikmanesh had done twice before. If Nikmanesh's testimony is credited, it shows that Nikmanesh resigned from her full-time management position but intended to continue working at Walmart on a part-time basis. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158–59 (9th Cir. 1999) (reversing application of sham-affidavit doctrine and grant of summary judgment when plaintiff's "deposition testimony and sworn declaration . . . are consistent and are contradicted only by [plaintiff's] unsworn letters"); *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 498 (9th Cir. 2015) (crediting testimony that was "based on personal knowledge, legally relevant, and internally consistent").

Nikmanesh also raised genuine issues of material fact on whether her termination violated a fundamental public policy as expressed in a statutory provision. *See Stevenson v. Superior Court*, 941 P.2d 1157, 1165 (Cal. 1997). As the district court concluded, and Walmart has largely conceded, Nikmanesh "established that she engaged in protected activities by complaining to and notifying Walmart of its noncompliance with various rules and regulations." *See* Cal. Lab. Code § 1102.5(b) ("An employer . . . shall not retaliate against an employee for disclosing information . . . if the employee has reasonable cause to believe that the information discloses . . . a violation of or noncompliance with a local, state, or federal rule or regulation."). The day after one of Nikmanesh's complaints, her supervisor initiated an ethics investigation into Nikmanesh's outside activities, and although Walmart cleared Nikmanesh of any wrongdoing, her supervisor nonetheless decided to terminate her. *See Arteaga v. Brink's, Inc.*, 77 Cal. Rptr. 3d 654, 677 (Cal. Ct. App. 2008) (concluding that an employee's termination within a few days of filing a workers' compensation claim established a causal link between the protected conduct and the termination for the purposes of his prima facie claim).

Walmart responds that it did not terminate Nikmanesh in contravention of public policy but let her go because no part-time positions were available. But the evidence, viewed in Nikmanesh's favor, sufficiently undermines Walmart's

asserted justification to create a triable issue under the *McDonnell Douglas* burden-shifting framework. *See Arteaga*, 77 Cal. Rptr. 3d at 677–78 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). In declining to consider Nikmanesh for one part-time position, Walmart offered the position to a graduate intern, in an apparent violation of company policy or practice. In addition, other part-time positions existed but were not offered to Nikmanesh. Although those positions were located two to three hours from her home, she had previously accepted or applied for positions located even farther away. Nikmanesh's evidence established a prima facie case of wrongful termination and was sufficient to allow a jury to reject Walmart's explanation. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148–49 (2000). We therefore reverse the grant of summary judgment for Walmart on the wrongful termination claim.

2.      For the same reasons, we conclude that Nikmanesh raised genuine disputes of fact material to her retaliation claim in violation of California Labor Code § 1102.5, and we reverse the grant of summary judgment on that claim. *See Taswell v. Regents of Univ. of Cal.*, 232 Cal. Rptr. 3d 628, 645–46 (Cal. Ct. App. 2018).

3.      Because Nikmanesh did not raise any arguments regarding the dismissal of her PAGA claim on appeal, we will not examine the district court's dismissal of the claim. *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929–

4

30 (9th Cir. 2003). Thus, we affirm the district court's order dismissing it.

**AFFIRMED in part, REVERSED in part, and REMANDED**.

Costs are awarded to the appellant.