**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 18 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AMANDA JONES,

Plaintiff-Appellant,

v.

NATIONAL RAILROAD PASSENGER
CORPORATION, AMTRAK; SANTA
CRUZ METROPOLITAN TRANSIT
DISTRICT,

Defendant-Appellee.

No.    20-15279

D.C. No. 3:15-cv-02726-TSH

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Thomas S. Hixson, Magistrate Judge, Presiding

Argued and Submitted May 10, 2021
San Francisco, California

Before:  HAWKINS and MILLER, Circuit Judges, and RESTANI,** Judge.

Plaintiff Amanda Jones appeals the grant of summary judgment to Defendants

Amtrak and Santa Cruz Metropolitan Transit District ("SCMTD") on her statutory

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Jane A. Restani, Judge for the United States Court of
International Trade, sitting by designation.

claims under Title II of the Americans with Disabilities Act ("ADA"), § 504 of the Rehabilitation Act ("Rehab Act"), and California's Unruh Act, Cal. Civ. Code § 51, and on her negligence claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.

We review de novo a grant of summary judgment to determine whether there are any genuine issues of material fact and whether there are any misapplications of substantive law. *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015).

1. ADA, Rehab Act, and Unruh Act Claims

Jones seeks compensatory damages, declaratory relief, and injunctive relief under the ADA, Rehab Act, and Unruh Act because, she alleges, Defendants' bus driver was not properly trained on how to safely transport persons with disabilities using scooters, which resulted in her scooter tipping and subsequent injuries.

We analyze claims under both the ADA and Rehab Act in the same way. *Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999). To obtain compensatory damages under either Title II of the ADA or § 504 of the Rehab Act, Jones must establish intentional discrimination, which requires showing that Defendants acted with deliberate indifference: "knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Updike v. Multnomah*, 870 F.3d 939, 950–51 (9th Cir. 2017) (internal citations, quotations, and alterations omitted)).

2

Jones's claims for compensatory damages under the ADA and Rehab Act fail because the record indicates that SCMTD trains its bus drivers annually on how to safely transport disabled persons, including those using three-wheeled scooters. SCMTD instructs its bus drivers to (1) ask scooter users to transfer to a seat due to scooter stability risks, (2) assist scooter users in securing their devices with specialized equipment, and (3) call dispatch when trouble with securement arises. The bus driver here confirmed that he received such training. The bus driver's failure on this occasion to properly implement his training does not establish that Defendants violated the ADA, *Midgett v. Tri-Cty. Metro. Transp. Dist. of Oregon*, 254 F.3d 846, 850 (9th Cir. 2001), let alone acted with deliberate indifference in training their bus drivers on safely transporting persons with disabilities, namely those using scooters.

And, for the same reasons, Jones is not entitled, under the ADA or Rehab Act, to declaratory relief, *Greater L.A. Council on Deafness v. Zolin*, 812 F.2d 1103, 1112 (9th Cir. 1987) (denying declaratory relief when it will not settle the ongoing legal relations at issue), or injunctive relief, *Updike*, 870 F.3d at 948 (denying injunctive relief when the threat of recurring injury remains speculative).

Because Jones cannot show that Defendants violated their duty to train under the ADA based on one isolated instance of employee negligence, *see Midgett*, 254 F.3d at 850, she has also failed to demonstrate entitlement to relief under the Unruh

Act, *see Cohen v. City of Culver City*, 754 F.3d 690, 701 (9th Cir. 2014). Thus, we affirm the grant of summary judgment in favor of Defendants on Jones's claims under the ADA, Rehab Act, and Unruh Act.

2. Negligence Claims

Jones alleges that Defendants are liable in tort because their bus driver's negligent scooter securement and vehicle operation caused her injuries. To establish negligence, a party must prove "a legal duty to use due care, a breach of such legal duty, and the breach as the proximate or legal cause of the resulting injury." *Vasilenko v. Grace Family Church*, 404 P.3d 1196, 1198 (Cal. 2017) (internal citations and quotations omitted). Jones's declaration and deposition testimony were sufficient to establish a genuine dispute of material fact as to whether the bus driver breached his duty to safely transport her under California law. *See* Cal. Vehicle Code § 17001. Jones testified that the bus driver attempted to secure her scooter and then proceeded to drive his route at an unsafe speed, causing her scooter to tip and injure her. *See Nigro*, 784 F.3d at 498 (uncorroborated and self-serving testimony sufficient to establish a genuine dispute of material fact because statements were "based on personal knowledge, legally relevant, and internally consistent"). Thus, we reverse the grant of summary judgment in favor of Defendants on Jones's negligence claims.

**AFFIRMED in part; REVERSED in part and REMANDED.  Each party to bear its own costs on appeal.**