NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 28 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ADMIRAL INSURANCE COMPANY,

Plaintiff-Appellee,

v.

DUAL TRUCKING, INC., a Louisiana
corporation; et al.,

Defendants-Appellants.

No.    21-35433

D.C. No. 4:20-cv-00053-BMM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted April 15, 2022
Seattle, Washington

Before:  HAWKINS and FORREST, Circuit Judges, and RESTANI,[**] Judge.

Dual Trucking, Inc.; Dual Trucking and Transport, LLC; Dual Trucking of

Montana, LLC (collectively, "Dual"); and Anthony Alford appeal the district

court's grant of partial summary judgment in favor of Admiral Insurance Company

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Jane A. Restani, Judge for the United States Court of
International Trade, sitting by designation.

("Admiral"). As the parties are familiar with the facts, we do not recount them in detail here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the trial court's decision to exercise jurisdiction over a declaratory judgment action for abuse of discretion. *R.R. Street & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 973 (9th Cir. 2011). We review *de novo* a district court's grant of summary judgment. *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015) (internal citations omitted).

First, the district court did not abuse its discretion in determining that Admiral presented a justiciable claim. The action was justiciable under both Louisiana and Montana law. Under Louisiana law, the claim was ripe because whether Dual made material misstatements was an actual controversy and the pending state cases are not related to that question. *See Prator v. Caddo Parish*, 888 So.2d 812, 815–16 (La. 2004). Under Montana law, the claim was justiciable because the parties had a genuine interest in the case, it presented a live controversy, and it required a judicial determination. *See Northfield Ins. Co. v. Mont. Ass'n of Cntys.*, 10 P.3d 813, 816 (Mont. 2000).

Second, the district court correctly concluded that Dual failed to make a timely claim during the relevant reporting period for the environmental impairment liability ("EIL") policies. Dual's only claim, made on July 2, 2014, did not qualify for coverage under either EIL policy. The claim was not covered under the 2012-

2

2013 policy because Dual made it after the reporting period ended. *Hood v. Cotter*, 5 So.3d 819, 829 (La. 2008). To the extent Dual asserts a claim under the 2013-2014 policy, the claim also was not timely under that policy. While Dual reported the claim during the policy's automatic extended reporting period, the period extended coverage only to claims that Dual learned about after cancelling the 2013-2014 policy. Dual knew of the claim well before it cancelled the 2013-2014 policy. Thus, Dual failed to provide notice of a timely claim under either EIL policy.

Finally, the district court correctly concluded that Dual's material misstatements rendered the contractor pollution liability policies void. The Montana Department of Environmental Quality's warning letter received prior to the 2012 application notified Dual of a potential pollution condition claim. Further, the many violation letters received before the 2013 applications notified Dual of potential pollution condition claims. Dual's failure to advise Admiral of these letters and their warnings of enforcement penalties were material misstatements rendering the contracts void, as the district court concluded.

**AFFIRMED.**

3