**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TKW LIMITED PARTNERSHIP; T&K
WEATHERS LIMITED PARTNERSHIP;
PRECISION PROPERTY
MANAGEMENT CORPORATION,

Defendants-Appellants,

and

THOMAS WEATHERS; KATHY JEAN
WEATHERS; COUNTY OF COWLITZ;
MOUNTAIN PEAK MANAGEMENT
CORPORATION; FINANCIAL
ASSISTANCE; WAPITI VENTURES,
LLC; MARLENE M. BENNETT, Trustee
of on behalf of Marlene M Bennett
Revocable Living Trust; NETFUNDING,
INC.; CORAL MANAGEMENT, INC.;
SOUTHWIND SOFTWARE AND
DEVELOPMENT CORPORATION,

Defendants.

No.   21-35568

D.C. No. 3:18-cv-05189-BHS

MEMORANDUM[*]

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

UNITED STATES OF AMERICA,

          Plaintiff-Appellee,

v.

PRECISION PROPERTY
MANAGEMENT CORPORATION,

          Defendant-Appellant,

and

TKW LIMITED PARTNERSHIP; T&K
WEATHERS LIMITED PARTNERSHIP;
THOMAS WEATHERS; KATHY JEAN
WEATHERS; COUNTY OF COWLITZ;
MOUNTAIN PEAK MANAGEMENT
CORPORATION; FINANCIAL
ASSISTANCE; WAPITI VENTURES,
LLC; MARLENE M. BENNETT, Trustee
of  on behalf of Marlene M Bennett
Revocable Living Trust; NETFUNDING,
INC.; CORAL MANAGEMENT, INC.;
SOUTHWIND SOFTWARE AND
DEVELOPMENT CORPORATION,

          Defendants.

No.  22-35212

D.C. No. 3:18-cv-05189-BHS

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

2

Before:  McKEOWN, BYBEE, and FORREST, Circuit Judges.

These consolidated appeals arise from a suit by the government against Thomas and Kathy Weathers seeking to reduce to judgment over $4 million in federal income tax assessments against them and foreclose the federal tax liens securing those tax liabilities.  Defendants-Appellants appeal both (1) the district court's grant of summary judgment for the government determining that T&K Weathers Limited Partnership (T&K) and TKW Limited Partnership (TKW) were nominees, alter egos, or fraudulent transferees of the Weathers and (2) the district court's post-trial determination that Precision Property Management Corporation (PPM) was not entitled to reimbursement of expenses for maintaining properties held by T&K, TKW, and PPM.  We have jurisdiction under 28 U.S.C. § 1291 and review de novo both the grant of summary judgment and the legal question of whether PPM is entitled to reimbursement.  *See McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1112 (9th Cir. 2004); *Kenney v. United States*, 458 F.3d 1025, 1029 (9th Cir. 2006).  We affirm.

1. Application of the federal tax lien statutes involves questions of both state and federal law.  *See Drye v. United States*, 528 U.S. 49, 58 (1999).  "The

federal tax lien statute itself creates no property rights but merely attaches consequences, federally defined, to rights created under state law." *United States v. Craft*, 535 U.S. 274, 278 (2002) (internal quotation marks and citation omitted). Consequently, we "look initially to state law to determine what rights the taxpayer has in the property the Government seeks to reach." *Id.* (quoting *Drye*, 528 U.S. at 58); *see also Fourth Inv. LP v. United States*, 720 F.3d 1058, 1067 (9th Cir. 2013). Under Washington law, the alter ego doctrine applies where a party "dominates and controls" a third party and "the corporate form has been intentionally used to violate or evade a duty." *Rapid Settlements, Ltd. v. Symetra Life Ins. Co.*, 271 P.3d 925, 930 (Wash. Ct. App. 2012) (internal quotation marks and citation omitted).

There is no genuine dispute of material fact that the Weathers dominated and controlled T&K and TKW or that the Weathers intentionally used the corporate form to evade their duty to pay taxes. The Weathers—together or individually—were the only general partners in T&K and TKW, and the partnership agreements granted exclusive control to the general partners. T&K and TKW had no employees or subcontractors, the Weathers were signers on associated business accounts, and Thomas Weathers prepared tax returns for both partnerships. The Weathers recorded $1.5 million to $2 million mortgages against each of the properties held by T&K and TKW, though neither entity received

4

money from the purported lenders; Defendants-Appellants stipulated that the mortgages were invalid. And, after transferring the properties to T&K and TKW, the Weathers continued to benefit from the rental income generated by the properties.

It is also clear that the Weathers used T&K and TKW to avoid tax liability. The Weathers transferred the relevant properties to the partnerships in 1996. They did not pay their full 1996 tax liability and later amended their tax return to report zero income that year. Beginning in 1998, the Weathers failed to file their tax returns for fourteen years, including the period from 1998-2002 for which they were convicted of willfully failing to file tax returns. And, until needing to secure a loan in 2013 to avoid foreclosure of several properties for failure to pay property taxes, the Weathers maintained false mortgages on the properties, disguising their value.

Against this undisputed evidence, bare declarations attesting to the Weathers' intent in creating T&K and TKW for estate planning purposes and that Thomas Weathers did not begin considering objecting to income taxes until 1998 do not create a genuine dispute of material fact. *See Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497–98 (9th Cir. 2015) ("[A] self-serving declaration does not always create a genuine issue of material fact for summary judgment: The district

5

court can disregard a self-serving declaration that states only conclusions and not facts that would be admissible evidence."); *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact."). The district court properly granted summary judgment on the government's claim that T&K and TKW were alter egos of the Weathers.

2. On appeal, PPM claims that an exception to sovereign immunity permitted it to be reimbursed for expenses incurred managing the T&K and TKW properties. *See Quinault Indian Nation v. Pearson for Est. of Comenout*, 868 F.3d 1093, 1100 (9th Cir. 2017) ("[T]he Supreme Court has held that the United States impliedly waives its immunity to counterclaims for recoupment."). However, this exception does not apply because the government did not seek any monetary recovery from PPM. The government sought a determination that PPM held title to Property 9 as the Weathers' nominees or alter egos, and the government did not appeal the district court decision against it on this issue.

PPM's claim for reimbursement before the district court was also without merit. PPM argued that its reimbursement claim was entitled to priority over the federal tax lien. However, PPM did not identify a lien or other interest in any of the properties satisfying the requirements for priority over federal tax liens under

6

I.R.C. § 6323. Section 6323(b)(6)(A) gives liens for property taxes priority over federal tax liens, but a claim for reimbursement is not a lien, and only unpaid property taxes are entitled to priority over the federal tax liens. The provision thus does not authorize reimbursement for property taxes or for other expenses that have already been paid. *See United States v. Christensen*, 269 F.2d 624, 626–27 (9th Cir. 1959) (holding that a mortgagee's payment of state taxes on mortgaged property after federal tax liens were recorded did not create a lien superior to the United States' tax liens).

**AFFIRMED.**