NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERVIN TED VALANDINGHAM,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>DAISY AKINWALE; et al.,<br><br>Defendants-Appellees. | No. 22-15472<br><br>D.C. No.<br>2:20-cv-01564-SPL-CDB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted September 12, 2023**

Before: BENNETT, SUNG, and H.A. THOMAS, Circuit Judges.

Plaintiff Ervin Ted Valandingham, proceeding pro se, appeals the district

court's grant of summary judgment to Defendants Daisy Akinwale and Martha

Lopez-Saenz in his 42 U.S.C. § 1983 case. We have jurisdiction pursuant to 28

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. On de novo review, *see L.F. v. Lake Wash. Sch. Dist. #414*, 947 F.3d 621, 625 (9th Cir. 2020), we affirm.[1]

1. "Within the prison context, a viable claim of First Amendment retaliation" requires, among other things, "[a]n assertion that a state actor took some adverse action against an inmate." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). The district court correctly found that no adverse action attributable to Akinwale occurred here. Plaintiff claims that "Akinwale intentionally allowed his Gabapentin to run out as retaliation against him" for filing grievances against Akinwale. But the undisputed evidence shows that the delay in the delivery of Plaintiff's Gabapentin was only attributable, if at all, to another staff member. There is no admissible contrary evidence.

The only admissible evidence that Akinwale filed a false incident report against Plaintiff, moreover, is Plaintiff's declaration, which states that "Defendant Akinwale [had] Officer Sanchez call an [Incident Command System response] saying I tried to assault her by throwing a cup at her."[2] Plaintiff, however, did not explain the basis for this allegation (for example, overhearing the conversation),

---

[1] Because the parties are familiar with the facts, we recite them here only as necessary to resolve the appeal.

[2] The Incident Command System is activated "for any size and kind of incident that occurs outside normal operations requiring the commitment of additional resources."

and thus his declaration does not satisfy Federal Rule of Civil Procedure 56(c)(4)[3] and does not create a genuine issue of material fact. *See Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015) (noting "a self-serving declaration does not always create a genuine issue of material fact for summary judgment").

2.      Even were we to assume that Plaintiff's Eighth Amendment claim has merit, Lopez-Saenz is entitled to summary judgment based on qualified immunity.[4] Under the doctrine, "[g]overnment officials enjoy qualified immunity from civil damages unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Jeffers v. Gomez*, 267 F.3d 895, 910 (9th Cir. 2001) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). We may not define clearly established law at a high level of generality. *See City & Cnty. of San Francisco v. Sheehan*, 575 U.S. 600, 613 (2015). It is the plaintiff's burden to show that the allegedly violated right was clearly established. *Shafer v. Cnty. of Santa Barbara*, 868 F.3d 1110, 1118 (9th Cir. 2017). Plaintiff fails to meet that burden here.

---

[3] "*Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

[4] "We may affirm on any basis supported by the record," even if it differs from the reasoning of the district court. *See United States v. Washington*, 969 F.2d 752, 755 (9th Cir. 1992) (cleaned up). And although the district court did not reach the issue of qualified immunity, the argument has not been waived or forfeited.

The only case Plaintiff cites to show that his alleged right was clearly established is a different case involving him, in which we held that a correctional officer labeling an inmate a "snitch" in the presence of other inmates could state a valid Eighth Amendment threat-to-safety claim. *Valandingham v. Bojorquez*, 866 F.2d 1135, 1139 (9th Cir. 1989). But this case would not put a reasonable official in Lopez-Saenz's position on notice that a statement blaming Plaintiff for the conduct of a policy-mandated oral search of all inmates who had just received medication would, without more, violate Plaintiff's Eighth Amendment rights. *See Kramer v. Cullinan*, 878 F.3d 1156, 1163–64 (9th Cir. 2018). Lopez-Saenz calling out Plaintiff as responsible for the search is not akin to calling Plaintiff a "snitch" in front of other inmates. And while Plaintiff need not point to a factually identical case, *see Taylor v. Riojas*, 141 S. Ct. 52, 53–54 (2020), Plaintiff has cited nothing other than the "snitch" case for the proposition that the conduct here violated his rights.

**AFFIRMED.**