**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 3 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

RICK T. GRAY,

        Defendant - Appellant,

and

GRAY FARMS & CATTLE CO. LLC,

        Defendant.

No. 25-1325

D.C. No.
1:21-cv-03126-TOR

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted February 27, 2026[**]
Richland, Washington

Before: SUNG, MENDOZA, and DESAI, Circuit Judges.

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Defendant Rick Gray appeals the district court's grant of summary judgment in the government's favor on its False Claims Act ("FCA") claims alleging that Gray filed false crop insurance claims in 2015. We have jurisdiction under 28 U.S.C. § 1291, and we review the grant of summary judgment de novo. *Terpin v. AT & T Mobility LLC*, 118 F.4th 1102, 1110 (9th Cir. 2024). We reverse.[1]

To prevail on an FCA claim, a plaintiff must prove "(1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due." *United States ex rel. Rose v. Stephens Inst.*, 909 F.3d 1012, 1017 (9th Cir. 2018) (quoting *United States ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1174 (9th Cir. 2006)); *see also* 31 U.S.C. § 3729(a)(1). The government alleges that Gray filed false crop insurance claims with scienter because he knew of his obligation to disclose all farm-stored wheat and wheat sales but did not disclose sales of 35,378 bushels of wheat.

There are genuine disputes of material fact over whether Gray acted with scienter. Gray consistently testified in his depositions and declaration that he believed he had a duty to disclose only the insured entities' farm-stored wheat and wheat sales, he was storing only his own "personal" uninsured wheat in 2015, he believed he did not need to disclose his farm-stored personal wheat because he did

---

[1]     We do not address the district court's grant of summary judgment against the other defendant, Gray Farms & Cattle Co. LLC ("Gray Farms"), because it did not appeal.

2                                                                    25-1325

not "commingle" it with insured wheat, and the only 2015 sales he did not disclose were sales of his personal wheat. Although some of the payments for the undisclosed sales were made to the insured entity, Gray Farms, Gray testified that this was an arrangement to repay personal debts he owed to Gray Farms.

The government argues that Gray's testimony is "self-serving" and uncorroborated, but those are weight and credibility issues that cannot be resolved at the summary judgment stage here. Because Gray's testimony is based on his personal knowledge and relevant to whether he made false statements with scienter, it is sufficient to show a genuine dispute of material fact. *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497–98 (9th Cir. 2015); *see also United States v. Arango*, 670 F.3d 988, 993 (9th Cir. 2012) ("In deciding whether to grant summary judgment, the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." (citation modified)). We thus reverse the district court's grant of summary judgment in the government's favor on its FCA claims.[2]

**REVERSED and REMANDED.**

---

[2] Because we reverse the grant of summary judgment, we need not reach Gray's appeal of the district court's denial of his motions for reconsideration.