**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 9 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THE BURLINGTON INSURANCE COMPANY, | No.   15-55702 |
| Plaintiff-Appellee, | D.C. No. 2:13-cv-05349-JAK-E |
| v. | |
| MINADORA HOLDINGS, LLC; et al., | MEMORANDUM [*] |
| Defendants-Appellants. | |

| | |
|---|---|
| MARVIN W. DURMENT; et al., | No.   15-56657 |
| Plaintiffs-Appellants, | D.C. No. 2:14-cv-01231-JAK-E |
| v. | |
| THE BURLINGTON INSURANCE COMPANY, a North Carolina corporation, | |
| Defendant-Appellee, | |
| and | |
| ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, a Delaware corporation, | |
| Third-party-defendant–Appellee. | |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appellee.

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted February 10, 2017
Pasadena, California

Before: SCHROEDER and MURGUIA, Circuit Judges, and GLEASON,[**] District Judge.

In this insurance dispute, Appellant Marvin Durment, as assignee of the rights of three insured companies, Jarvis Enterprises, Inc. dba Orange Precision Metal Fabrication (Orange Precision), Minadora Holdings, LLC (Minadora), and West Coast Storm, Inc. (West Coast), appeals the district court's grant of summary judgment to the Appellee insurance companies, Burlington Insurance Company (Burlington) and Endurance American Specialty Insurance Company (Endurance). Burlington had insured Orange Precision and Minadora, and Endurance had insured West Coast. The parties are familiar with the relevant factual background giving rise to the insurance dispute, which we do not recount here in detail.

There are two consolidated appeals. The first appeal, Case No. 15-55702, comes before us from judgment below to Burlington on Burlington's two claims

---

[**] The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

for declaratory relief, the first involving Burlington's duty to defend, and the second concerning Burlington's duty to indemnify. The second appeal, Case No. 15-56657, comes before us from judgment below to Burlington and Endurance against several claims brought by Durment and the three insureds. Durment's first claim, for reimbursement of a settlement, and second claim, for breach of the implied covenant of good faith and fair dealing, were against Burlington and Endurance. Durment's third claim, for breach of the implied covenant, fourth claim, for declaratory judgment on Burlington's duty to defend, and fifth claim, for fraud, were against only Burlington. Durment's sixth and final claim was against a dismissed defendant, and is not before us.

On appeal, Durment argues that the district court erred in its construction and interpretation of the relevant insurance policies and in analyzing settlement-related conduct by Durment, the insured companies, Burlington, and Endurance.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing the district court's grant of summary judgment in both cases de novo, *see, e.g.*, *Guatay Christian Fellowship v. Cnty. of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011), we affirm in part, reverse in part, and remand for further proceedings.

1. The underlying complaint on which we focus our analysis, the First Amended Cross-Complaint (FAXC), alleged a covered injury. The policies cover "advertising injuries," including injuries "arising out of . . . [t]he use of another's

3

advertising idea in [the insured's] advertisement." The FAXC alleged that Durment shared advertising ideas with the insureds which the insureds then used in their online advertising. Even if the alleged ideas were inadequate to ultimately prevail on any state-law claim, the insurers still had a duty to defend the insureds. *See, e.g.*, *Horace Mann Ins. Co. v. Barbara B.*, 846 P.2d 792, 799 (Cal. 1993). The policy does not limit coverage to claims relating to novel or original advertising ideas. And while it is true that a direct solicitation does not constitute an "advertisement," *see Hameid v. Nat'l Fire Ins. of Hartford*, 71 P.3d 761, 766 (Cal. 2003), the FAXC provides no basis for concluding that these ideas were used only in a solicitation and not in an "advertisement."

An insurer has a duty to defend if the complaint alleges facts "that create a *potential* for indemnity under the policy." *Scottsdale Ins. Co. v. MV Transp.*, 115 P.3d 460, 466 (Cal. 2005) (citing *Montrose Chem. Corp. v. Super. Ct.*, 861 P.2d 1153, 1159 (Cal. 1993)). Because the allegations created the potential for liability under the "use of another's advertising ideas" provision, the insurers had a duty to defend unless they could show an exclusion applied to preclude coverage. *See Delgado v. Interinsurance Exch. of Auto. Club of S. Cal.*, 211 P.3d 1083, 1086 (Cal. 2009) (quoting *Montrose*, 861 P.2d at 1157) (explaining burdens of proof).

2. The prior publication exclusion in the Endurance policy does not preclude coverage. "[A]n allegedly wrongful advertisement published before the

coverage period triggers application of the prior publication exclusion." *Street Surfing, LLC v. Great Am. E & S Ins. Co.*, 776 F.3d 603, 610 (9th Cir. 2014). Once "this threshold showing is made, the exclusion bars coverage of injuries arising out of republication of that advertisement, or any substantially similar advertisement, during the policy period, because such later publications are part of a single, continuing wrong that began before the insurance policy went into effect." *Id.*

The Endurance policy does not cover injuries arising from advertisements published before the policy went into effect on January 10, 2009. The FAXC alleged that the insureds' website made certain claims "from January 1, 2009 onward." But the FAXC did not allege that all of the advertisements containing Durment's advertising ideas were initiated prior to January 10, 2009. Endurance was not excused of its duty to defend by the prior publication exclusion.

3. The cross-liability exclusion in the Burlington policy precludes coverage only as to Orange Precision, and not as to Minadora. That exception excludes coverage for claims by a present, past, or future employee of "any insured." Orange Precision cannot claim coverage because Durment is a "former employee" under the policy. Burlington therefore had no duty to defend Orange Precision because there was no possibility of coverage.

5

Minadora is also an insured in the Burlington policy. Generally, "in a policy with multiple insureds, exclusions from coverage described with reference to the acts of 'an' or 'any,' as opposed to 'the,' insured are deemed under California law to apply collectively, so that if one insured has committed acts for which coverage is excluded, the exclusion applies to all insured with respect to the same occurrence." *Minkler v. Safeco Ins. Co. of Am.*, 232 P.3d 612, 614 (Cal. 2010). However, a "'separate insurance' clause providing that '[t]his insurance applies separately to each insured'" means that each insured "would be treated, for *all policy purposes*, as if he or she were the *sole* person covered." *Id.* at 617. The Burlington policy contains such a separate insurance clause. Because applying that clause to the cross-liability exclusion in this policy would not "impermissibly . . . negate [the exclusion] completely," *id.* at 621 n.5, Minadora's claim must be analyzed independently from Orange Precision's. Minadora's claim for coverage is not excluded by this provision, because Durment was not Minadora's employee.

4. Both policies contain the same intellectual property exclusion in the main policy document. That exclusion cannot reasonably be read to exclude claims for use of another's advertising idea; such an interpretation would contradict the reasonable expectations of the insured as it would allow an express grant of coverage for "injury" that arises from "use of another's advertising idea" to be

6

vitiated by a separate provision that precludes coverage for "injury arising out of . . . other intellectual property rights." *See Haynes v. Farmers Ins. Exch.*, 89 P.3d 381, 391 (Cal. 2004).

5. The Burlington policy also includes a separate endorsement limiting coverage for claims related to intellectual property rights. But interpreting the exclusion in the endorsement to bar coverage for "use of another's advertising idea" would make the grant of coverage for use of "another's advertising ideas" entirely nugatory, creating an inconsistency in the contract. "[I]f there is a conflict in meaning between an endorsement and the body of the policy, the endorsement controls." *Aerojet-Gen. Corp. v. Transp. Indem. Co.*, 948 P.2d 909, 915 n.4 (Cal. 1997) (quoting *Continental Cas. Co. v. Phoenix Constr. Co.*, 296 P.2d 801, 805 (Cal. 1956)). But such conflict must be inescapable: "Repugnancy in a contract must be reconciled, if possible, by such interpretation as will give some effect to the repugnant clauses," Cal. Civ. Code § 1652, and construction of an insurance policy must "give effect to every part of the policy with each clause helping to interpret the other." *Palmer v. Truck Ins. Exchange*, 988 P.2d 568, 573 (Cal. 1999). Moreover, "policy exclusions are strictly construed." *E.M.M.I. Inc. v. Zurich Am. Ins. Co.*, 84 P.3d 385, 389 (Cal. 2004).

Interpreting the term "any other intellectual property" so as not to include advertising ideas is a permissible reading of the contract that avoids creating an

7

inconsistency. *See* Cal. Civ. Code § 1652. This exclusion does not preclude coverage.

6. The policies both provide that the breach of contract exclusion does not apply to claims arising from "an implied contract to use another's advertising idea in your 'advertisement.'" The FAXC did not include any allegation that Durment had any express contract with any insureds related to the use of his advertising ideas. Although the relationship between Durment and the insureds was based in contract, the allegations of use of another's advertising idea might have sounded in either tort or in breach of an implied contract not subject to the exception. There was thus a possibility of coverage.

7. The intentional conduct exclusion does not preclude coverage. The policies exclude coverage for acts "caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury.'" A similar exclusion is codified in California law, *see* Cal. Ins. Code § 533, and they are identical in scope, *see Delgado*, 211 P.3d at 1090. The FAXC did not preclude the possibility that the insureds' use of Durment's advertising ideas was done without knowledge that it would violate his rights.

8. The district court properly granted summary judgment to Burlington on Durment's third cause of action for breach of the duty of good faith because any

breach did not cause economic harm to the insureds due to the terms of the underlying settlement.  *See Richards v. Sequoia Ins. Co.*, 124 Cal. Rptr. 3d 637, 642 (Cal. Ct. App. 2011).  Durment's contention that Burlington's allegedly deficient defense eliminates the requirement that the insured suffer injury is misplaced; that rule applies to a claim for reimbursement, not a claim for breach of the duty of good faith.  *See Isaacson v. Cal. Ins. Guarantee Ass'n*, 750 P.2d 297, 308 (Cal. 1988).

9.  Once an insurer has undertaken its duty to defend, the insured cannot settle the case without the consent of the insurer.  If the insured settles against the direction of the insurer, that settlement "is insufficient to impose liability on the insurer in a later action against the insurer."  *Pruyn v. Agric. Ins. Co.*, 42 Cal. Rptr. 2d 295, 303 (Cal. Ct. App. 1995) (quoting *Wright v. Fireman's Fund Ins. Cos.*, 14 Cal. Rptr. 2d 588, 604 (Cal. Ct. App. 1992)).  But "an insured who is abandoned by its liability insurer is free to make the best settlement possible with the third party claimant, including a stipulated judgment with a covenant not to execute."  *Id*.  So long as the settlement is reasonable and "free from fraud or collusion," the insurer will have to pay the amount that cannot be attributed to uncovered claims.  *Id.* (citing *Samson v. Transamerica Ins. Co.* 636 P.2d 32, 44 (Cal. 1981)).

Factual disputes preclude summary judgment for Burlington as to its liability for the settlement. A reasonable jury could conclude that Burlington was no longer defending when the counsel it selected withdrew the day before trial.

10. Factual disputes preclude summary judgment for Endurance based on the no-voluntary payments provision in the Endurance Policy. An insurer may not "decline to participate in settlement negotiations, yet then rely on the policy's consent provision to avoid responsibility under the settlement." *Fuller-Austin Insulation Co. v. Highlands Ins. Co.*, 38 Cal. Rptr. 3d 716, 737 (Cal. Ct. App. 2006). A reasonable jury could conclude that Endurance had reasonable notice of the impending settlement and thus that Endurance could "either assume the defense and settle or try the matter, or challenge the settlement on the grounds of unreasonableness, fraud or collusion." *Id.* at 738 (citing *Diamond Heights Homeowners Ass'n v. Nat'l Am. Ins. Co.*, 277 Cal. Rptr. 906, 917 (Cal. Ct. App. 1991)). Endurance did not assume West Coast's defense. Summary judgment to Endurance is not warranted on these grounds.

11. In sum, on de novo review we hold that Endurance had a duty to defend West Coast. We hold that Burlington did not have a duty to defend Orange Precision, but that it did have a duty to defend Minadora.

Therefore, in Case No. 15-55702,[1] we affirm in part the grant of summary judgment to Burlington on its two declaratory claims, as to coverage of Orange Precision; and we reverse in part the grant of summary judgment to Burlington on its two declaratory claims, as to coverage of Minadora. In Case No. 15-56657, we affirm the grant of summary judgment to Burlington on Durment's third and fifth claims; we affirm in part the grant of summary judgment to Burlington on Durment's first, second, and fourth claims, as to coverage of Orange Precision; and we reverse in part the grant of summary judgment to Burlington on Durment's first, second, and fourth claims, as to coverage of Minadora,[2] and the grant of summary judgment to Endurance on Durment's first and second claims, as to coverage of West Coast. We remand both appeals for further consolidated proceedings, consistent with this decision.

---

[1] Again, in the first appeal, Case No. 15-55702, Burlington brought two claims for declaratory relief, the first involving Burlington's duty to defend, and the second concerning Burlington's duty to indemnify. In the second appeal, Case No. 15-56657, Durment brought five claims: his first claim, for reimbursement of a settlement, and his second claim, for breach of the implied covenant of good faith and fair dealing, were against Burlington and Endurance; Durment's third claim, for breach of the implied covenant, his fourth claim, for declaratory judgment on Burlington's duty to defend, and his fifth claim, for fraud, were against only Burlington.

[2] Appellant appealed the judgment to Burlington as to the fourth cause of action, for declaratory judgment, but the parties did not discuss that cause of action in their briefing. Although the panel reverses in part as to that cause of action with respect to Minadora, it does not intend to restrict the district court's discretion on remand to again decline to grant the requested relief.

**AFFIRMED in part, REVERSED in part, and REMANDED.**