NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUL 22 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARVIN W. DURMENT; et al., | No. 19-55353 |
| Plaintiffs-Appellants, | |
| v. | D.C. Nos. 2:13-cv-05349-JAK-E 2:14-cv-01231-JAK-E |
| THE BURLINGTON INSURANCE COMPANY, a North Carolina corporation, | MEMORANDUM* |
| Defendant-Appellee, | |
| v. | |
| ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, a Delaware corporation, | |
| Third-party-defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted July 6, 2020
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

COA

Before: PAEZ and BADE, Circuit Judges, and MELGREN,** District Judge.

Marvin Durment appeals the district court's grant of summary judgment in favor of Burlington Insurance Company and Endurance American Specialty Insurance Company. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015), and we affirm.

Underlying this insurance dispute is a lawsuit between Durment and several policyholders of Burlington and Endurance over alleged breaches of a joint venture agreement and an intellectual property agreement. The insurers failed to defend the policyholders against an amended complaint tendered to the insurers on the eve of trial. The policyholders then settled with Durment, assigning their claims against the insurers to him in exchange for a covenant not to execute against the policyholders.

Durment sued Burlington and Endurance, seeking reimbursement of the settlement costs and alleging a breach of the implied covenant of good faith and fair dealing. The district court granted summary judgment to both insurers on the reimbursement claim and to Endurance on the bad faith claim. Soon after, on a motion for reconsideration, the district court also granted summary judgment to

---

** The Honorable Eric F. Melgren, United States District Judge for the District of Kansas, sitting by designation.

Burlington on the bad faith claim.

1.      Durment argues that the district court erred by concluding that an insurer that breaches the duty to defend is not liable for settlement costs outside the scope of the insurer's indemnification duty.[1]  Although the California Supreme Court has not squarely decided this question, well-settled law establishes that a breaching insurer is generally liable for a post-breach *judgment* only to the extent of coverage.  *See, e.g.*, *Hogan v. Midland Nat'l Ins. Co.*, 476 P.2d 825, 832 (Cal. 1970) (rejecting the argument that "as the consequence of [the] wrongful refusal to defend . . . [an insurer] is liable for the entire judgment . . . and may not now deny coverage as to certain items of damage").

California authority suggests that the same principle applies to post-breach settlements.[2]  *See Tradewinds Escrow, Inc. v. Truck Ins. Exch.*, 118 Cal. Rptr. 2d

---

[1] We reject Endurance's law-of-the-case argument that this issue was decided in a previous appeal.  Although our previous disposition suggested in dicta that an insurer will only "have to pay the amount that cannot be attributed to uncovered claims," *Burlington Ins. Co. v. Minadora Holdings, LLC*, 690 F. App'x 918, 923 (9th Cir. 2017), law of the case applies only when "the issue in question [was] decided explicitly or by necessary implication in [the] previous disposition," *Rebel Oil Co., Inc. v. Atl. Richfield Co.*, 146 F.3d 1088, 1093 (9th Cir. 1998) (second alteration in original) (quoting *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990)).  Dicta have no preclusive effect.  *Rebel Oil Co.*, 146 F.3d at 1093.

[2] "As a general matter, '[t]he task of a federal court in a diversity action is to approximate state law as closely as possible . . . .'"  *Murray v. BEJ Minerals, LLC*, 924 F.3d 1070, 1071 (9th Cir. 2019) (en banc) (brackets in original) (quoting *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 939 (9th Cir. 2001)).  "If the

561, 567 (Ct. App. 2002) ("Where the insured settles the underlying claim, we must also consider the issue of the duty to indemnify, because if it turns out the policy covered the claim, the amount of reasonable, good faith settlement payments made by the insured are recoverable."); *Pruyn v. Agric. Ins. Co.*, 42 Cal. Rptr. 2d 295, 302 (Ct. App. 1995) (acknowledging that the "plaintiff's ultimate recovery" against breaching insurers after settling the underlying claim "will depend upon it being established that there was coverage and that the insurers . . . were obligated to indemnify [the insured]").

Durment argues that these cases are distinguishable because the duty to indemnify applies only to judgments, not to settlements. But this argument fails under California law. *See Buss v. Superior Court*, 939 P.2d 766, 773 (Cal. 1997) ("By definition, [the duty to indemnify] entails the payment of money in order to resolve liability."); *see also Aerojet-Gen. Corp. v. Transp. Indem. Co.*, 948 P.2d 909, 926 (Cal. 1997) ("Settlement costs cannot be defense costs because, instead, they resolve liability."). Therefore, we conclude that the district court correctly applied California law to reject Durment's argument that he could recover for settlement amounts from the insurers without establishing coverage.

2. Durment also argues that the district court erred in concluding that he

---

state's highest appellate court has not decided the question presented, then we must predict how the state's highest court would decide the question." *Id.*

failed to demonstrate economic loss, an essential element of a bad faith action. However, the two bases Durment relies upon to establish economic loss—the insureds' settlement costs that they assigned to him and his attorney's fees in this action—are unconvincing. Although an assignee can show economic loss based on costs incurred by an assignor, this presupposes that the assignor has incurred actual costs. *See Essex Ins. Co. v. Five Star Dye House, Inc.*, 137 P.3d 192, 198–99 (Cal. 2006). Because Durment's covenant not to execute against the insureds insulated the insureds from actual losses, the settlement did not involve the sort of concrete "interference with property rights" that California courts consider a "threshold requirement of economic loss." *See Gourley v. State Farm Mut. Auto. Ins. Co.*, 822 P.2d 374, 378 (Cal. 1991). Likewise, the attorney's fees Durment has incurred in this litigation cannot satisfy the economic loss requirement because California law entitles a plaintiff in an insurance coverage dispute to recover attorney's fees only to the extent those fees "were incurred to obtain the policy benefits." *Brandt v. Superior Court*, 693 P.2d 796, 800 (Cal. 1985) (quotation marks omitted). Because Durment failed to recover policy benefits, he is not entitled to attorney's fees under *Brandt*, and he cannot use his fees to show economic loss.

**AFFIRMED.**