NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 17-30157 |
| | ) | |
| Plaintiff-Appellee, | ) | D.C. No. 1:16-cr-00115-BLW-1 |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| STEVEN W. CLYNE, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted October 10, 2018**
Seattle, Washington

Before: FERNANDEZ, N.R. SMITH, and CHRISTEN, Circuit Judges.

Steven W. Clyne appeals his conviction for dealing in firearms without a

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

license[1] as well as his sentence for that offense and for making a false statement during the purchase of firearms.[2]  We affirm.

(1)    Clyne first argues that the district court erred when it excluded certain evidence that supported his defense to the charge of willfully[3] dealing in firearms without a license.[4]  His defense was that he did not understand that his actions were unlawful,[5] and that the license application form was written in a fashion that caused his confusion in that respect.  He asserts that out-of-court statements by government agents constituted admissions[6] by the government that the application form was indeed misleading.  We will assume, without deciding, that statements by government agents within the scope of their agency are not treated differently from those of others in a principal-agent relationship.[7]  However, we agree with the

---

[1]*See* 18 U.S.C. § 922(a)(1)(A); *see also id.* § 924(a)(1)(D).

[2]*See id.* § 924(a)(1)(A).

[3]*Id.* § 924(a)(1)(D).

[4]*Id.* § 922(a)(1)(A).

[5]*See Bryan v. United States*, 524 U.S. 184, 189–96, 118 S. Ct. 1939, 1944–47, 141 L. Ed. 2d 197 (1998).

[6]*See* Fed. R. Evid. 801(d)(2)(D).

[7]*See, e.g.*, *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 498 (9th Cir. 2015); *Sea-Land Serv., Inc. v. Lozen Int'l, LLC*, 285 F.3d 808, 821 (9th Cir. 2002); *see*
(continued...)

2

district court that the "probative value" of the evidence in question was "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, [and] undue delay." Fed. R. Evid. 403. The district court did not abuse its discretion[8] when it decided that the proposed evidence[9] had minimal probative value, and that the likelihood of delay and confusion was substantial. *See United States v. Espinoza-Baza*, 647 F.3d 1182, 1189–90 (9th Cir. 2011); *see also United States v. Wiggan*, 700 F.3d 1204, 1213 (9th Cir. 2012). In any event, even without that evidence, Clyne was well able to present his confusion defense, and did so. Moreover, the other evidence of his knowledge that he was violating the licensing law was overwhelming.

(2) Clyne next asserts that there was prejudicial *Doyle*[10] error when the government suggested in its closing arguments that Clyne's claim of confusion was not believable because he did not raise it when he spoke to a government agent.

---

[7](...continued)
*also United States v. Bonds*, 608 F.3d 495, 504 (9th Cir. 2010); *Thomas v. INS*, 35 F.3d 1332, 1339–40 (9th Cir. 1994); *United States v. Van Griffin*, 874 F.2d 634, 638 (9th Cir. 1989).

[8]*See United States v. Crosby*, 75 F.3d 1343, 1346 (9th Cir. 1996); *see also United States v. Hinkson*, 585 F.3d 1247, 1261–63 (9th Cir. 2009) (en banc).

[9]Written guidance and a letter answering a propounded question.

[10]*Doyle v. Ohio*, 426 U.S. 610, 617–19, 96 S. Ct. 2240, 2244–45, 49 L. Ed. 2d 91 (1976).

We disagree. In general, the government cannot comment upon a defendant's post *Miranda*[11] silence. *See Doyle*, 426 U.S. at 617–19, 96 S. Ct. at 2244–45. However, Clyne did not remain entirely silent—he gave a reason that he did not need a license (that is, the firearms were previously used by him), which was quite different from the confusion reason he testified to at trial. Thus, the government could, and did, cross-examine him about the change in his reason. That was proper questioning. *See Anderson v. Charles*, 447 U.S. 404, 408, 100 S. Ct. 2180, 2182, 65 L. Ed. 2d 222 (1980) (per curiam); *United States v. Gomez*, 725 F.3d 1121, 1126 (9th Cir. 2013); *United States v. Ochoa-Sanchez*, 676 F.2d 1283, 1286–87 (9th Cir. 1982). While the government's closing argument did not specifically mention the inconsistency itself, in context—including the cross-examination on the previous day—that was its purport rather than "silence" as such. Moreover, Clyne failed to provide evidence in the district court of precisely when he unequivocally asked for counsel or otherwise invoked his right to remain silent. As a result, even if the government's closing argument did reference Clyne's silence, we are unable to hold that *Doyle* error even occurred. *See United States v. Ramirez-Estrada*, 749 F.3d 1129, 1134 (9th Cir. 2014). Finally, in light of the

---

[11]*Miranda v. Arizona*, 384 U.S. 436, 467–73, 86 S. Ct. 1602, 1624–27, 16 L. Ed. 2d 694 (1966).

other overwhelming evidence in the case and the lack of stress put upon the point at closing argument, any error was harmless. *See United States v. Bushyhead*, 270 F.3d 905, 913–14 (9th Cir. 2001).

(3)     Clyne then argues that even if the individual errors were harmless, cumulative error requires reversal of his conviction. We disagree because we are satisfied that there was no error.

(4)     Finally, Clyne asserts that he was sentenced "based on clearly erroneous facts," because the district court incorrectly concluded that Clyne knew, or must have known, that many of the firearms he sold ended up in the hands of prohibited possessors. He argues that his sentence must, therefore, be set aside. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). We disagree. From the evidence before it, the district court could plausibly determine that Clyne must have known that at least some of the firearms he was selling to others were being placed in the wrong hands. *See United States v. Spangle*, 626 F.3d 488, 497 (9th Cir. 2010).

AFFIRMED.