NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAUL ARELLANO, | No. 18-55610 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-02401-MMA-JLB |
| v. | |
| E. OJEDA, Correctional Sergeant; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted January 15, 2019**

Before:     TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

California state prisoner Raul Arellano appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging Eighth

Amendment violations arising from unsanitary conditions of confinement.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung*,

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

391 F.3d 1051, 1056 (9th Cir. 2004). We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment on Arellano's claim against defendant Ojeda because Arellano failed to raise a genuine dispute of material fact as to whether Ojeda was aware of and disregarded an excessive risk to Arellano's health or safety. *See id.* at 1057 (elements of a deliberate indifference claim).

However, summary judgment on the claims against defendants Mack and Helmick was improper. In the verified second amended complaint, Arellano alleged that the toilet in his solitary confinement cell clogged and overflowed for a period of several days, and that he personally alerted defendants Mack and Helmick to the sanitation issue and they failed to address it. In their declarations, Mack and Helmick state that Arellano did not alert them to the sanitation issue. On this record, there is a genuine dispute of material fact as to whether defendants knew of the sanitation issue and acted with deliberate indifference in failing to address it. *See Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995) ("[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment.");

18-55610

*see also Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015) (district court cannot disregard evidence at the summary judgment stage solely based on its self-serving nature, even if it is uncorroborated); *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (verified pleadings are admissible to oppose summary judgment).  We reverse the district court's summary judgment for Mack and Helmick, and remand for further proceedings.

To the extent that Arellano requests appointment of counsel on remand, the request is denied without prejudice to Arellano requesting appointment of counsel by the district court.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

18-55610