NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 16 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | No.    17-56476 |
| Plaintiff-Appellee, | D.C. No.<br>8:16-cv-00999-BRO-AFM |
| v. | |
| CHARLES T. MARSHALL, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Submitted July 12, 2019**
Pasadena, California

Before:  M. SMITH and FRIEDLAND, Circuit Judges, and SIMON,*** District
Judge.

Defendant-Appellant Charles Marshall appeals the district court's orders

granting summary judgment as well as restitution and injunctive relief in favor of

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Michael H. Simon, United States District Judge for the
District of Oregon, sitting by designation.

the Federal Trade Commission ("FTC") for violations of Section 5 of the FTC Act, 15 U.S.C. § 45(a)(1), and the Mortgage Assistance Relief Services ("MARS") Rule, 12 C.F.R. §§ 1015.1-1015.5.  Marshall also appeals the district court's orders denying his attempt to amend his Answer and extend discovery and holding Marshall in contempt for using frozen funds in violation of a court order.  Finally, Marshall argues that the district court's final order violated due process and Federal Rule of Civil Procedure 63.

We affirm.

1.  We review de novo the district court's rulings on motions for summary judgment.  *Longoria v. Pinal County*, 873 F.3d 699, 703-04 (9th Cir. 2017).  We may affirm on any ground supported by the record, including grounds the district court did not reach.  *Or. Short Line R.R. Co. v. Dep't of Revenue Or.*, 139 F.3d 1259, 1265 (9th Cir. 1998).

We agree with Marshall that, to the extent the district court disregarded the entirety of Marshall's declaration on the basis that it was self-serving, the district court erred.  *See Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 498 (9th Cir. 2015).  The declaration may have been self-serving, but it contained some statements that were "based on personal knowledge, legally relevant, and internally consistent."  *Id.*  Nevertheless, even taking the statements in the declaration as true, any reasonable jury would conclude on this record that Marshall is personally liable for

violations of the FTC Act and MARS Rule.

First, the FTC produced sufficient evidence to show that Brookstone Law Group and Brookstone Law P.C. ("Brookstone"), Advantis Law P.C. ("AL"), and Advantis Law Group P.C. ("ALG") "operate[d] together as a common enterprise." *FTC v. Grant Connect, LLC,* 763 F.3d 1094, 1105 (9th Cir. 2014). It is undisputed that the three entities shared corporate officers. The entities also shared resources, including a website, office spaces, staff members, and nearly identical sales scripts and advertising materials. These undisputed facts were sufficient to show that the three corporate entities functioned as a common enterprise, even if Marshall's statements that he did not know AL existed and that he did not know that ALG was part of the enterprise are taken as true. *See FTC v. Network Servs. Depot, Inc.*, 617 F.3d 1127, 1142-43 (9th Cir. 2010).

Second, there were sufficient undisputed facts to hold Marshall individually liable for injunctive relief at summary judgment. As part of the common enterprise, ALG is "liable for the[se] deceptive acts and practices." *Grant Connect*, 763 F.3d at 1105. An injunction could issue against Marshall individually for ALG's corporate violations if Marshall "participated directly in the acts or practices or had authority to control them." *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1170 (9th Cir. 1997) (quoting *FTC v. Am. Standard Credit Sys., Inc.*, 874 F. Supp 1080, 1087 (C.D. Cal 1994)). The FTC's evidence that

3

Marshall was one of ALG's co-owners and state-registered corporate officers, that he directed Damian Kutzner and Jeremy Foti to start marketing the firm, and that Marshall signed documents on ALG's behalf is sufficient to show the necessary level of authority. *See id.* (holding that "assumption of the role of president of [the corporation] and her authority to sign documents on behalf of the corporation demonstrate . . . the requisite control over the corporation"). Marshall does not dispute the FTC's evidence that Brookstone and AL—with which ALG was in a common enterprise—both violated the FTC Act and MARS Rule by promising consumers that participation in mass joinder lawsuits would result in mortgage-related relief and procuring advance fees for representation in those suits. *See* 15 U.S.C. § 45(a)(1); 12 C.F.R. § 1015.5. Thus, we conclude that Marshall failed to create a genuine dispute as to whether he was personally liable for the common enterprise's FTC Act and MARS Rule violations, such that injunctive relief against him was proper.[1]

Third, the undisputed facts establish that Marshall was at least recklessly indifferent to Brookstone's and AL's misrepresentations, making him jointly and

---

[1] Marshall contends on appeal that he is entitled to the "attorney exemption" to the MARS Rule under 12 C.F.R. § 1015.7(b). Marshall has not disputed that it is his burden to show that he qualifies for the defense, and he has produced no evidence that the advance fees sent to Brookstone and AL were placed in client trust accounts, or that his actions were otherwise in compliance with the governing ethical rules. *See id.* § 1015.7(b)(1).

severally liable for restitution for the corporation's unjust gains in violation of the FTC Act. Marshall knew that Kutzner and Geoffrey Broderick had previously operated schemes accepting unearned advanced fees for loan modification work that was never performed. He also admitted to knowing that Brookstone was facing bar discipline related to its mass joinder practice and admitted to using ALG rather than Brookstone to file mass joinder lawsuits because he suspected "there was a problem" with Brookstone. Marshall's defenses that he did not personally sign the AL and ALG marketing materials and that Kutzner assured him a lawyer had legally approved the materials are unavailing—it was reckless to rely on Kutzner, a non-lawyer with a history of running fraudulent schemes, for such assurances. *See also FTC v. Cyberspace.Com LLC*, 453 F.3d 1196, 1202 (9th Cir. 2006) ("'[R]eliance on advice of counsel is not a valid defense on the question of knowledge' required for individual liability." (quoting *FTC v. Amy Travel Serv., Inc.,* 875 F.2d 564, 575 (7th Cir. 1989)) (internal brackets omitted)). Given these undisputed facts, there is no genuine dispute that Marshall is personally monetarily liable for the common enterprise's fraud and thus liable for restitution.[2]

2. We review a denial of a motion for leave to amend pleadings and a motion

---

[2] Marshall has not contested that consumers suffered injury as a result of the misleading advertisements or the amount of monetary liability imposed, so we do not address those issues. *See Publ'g Clearing House*, 104 F.3d at 1171; *FTC v. Commerce Planet, Inc.*, 815 F.3d 593, 603-05 (9th Cir. 2016).

for leave to conduct further discovery for abuse of discretion. *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 736 (9th Cir. 2013); *Quinn v. Anvil Corp.*, 620 F.3d 1005, 1015 (9th Cir. 2010). Because Marshall filed his motion to amend after the scheduling order deadline, his motion was subject to Federal Rule of Civil Procedure 16(b)(4), which states that "[a] schedule may be modified only for good cause and with the judge's consent." *Id.* "Rule 16(b)'s 'good-cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Marshall had four months from the filing of his Answer invoking the Fifth Amendment to amend under the district court's scheduling deadlines, but he still failed to file a timely motion seeking amendment. Marshall did not participate in any discovery prior to his motion for leave to amend, and he has provided no support for his contentions that the FTC interfered with his ability to obtain counsel. The district court did not abuse its discretion in concluding that he did not exercise due diligence.

For similar reasons, we reject Marshall's argument that the district court erred in denying his motion to extend discovery. *See* Fed. R. Civ. P. 16(b)(3)(A) (requiring that the scheduling order limit the time to complete discovery); *cf. Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1442-43 (9th Cir. 1986)

6

(holding that a party "cannot complain [of a denial of a request for further discovery] if it fails to pursue discovery diligently before summary judgment").

3. We also review a district court's civil contempt order for abuse of discretion. *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999). The district court did not err in concluding that Marshall's withdrawal of $24,500 from his personal account violated the Temporary Restraining Order ("TRO"). The TRO made clear that Marshall's personal bank accounts were included in the asset freeze, and Marshall conceded that he had actual notice of the prohibition. The district court therefore properly determined that there was clear and convincing evidence showing that Marshall's disobedience was beyond substantial compliance, and not based on a good faith and reasonable interpretation of the court's order. *See In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). Marshall's citation to *Luis v. United States*, 136 S. Ct. 1083 (2016), is inapposite because he had not been charged with a crime at the time he withdrew the funds, so it was not reasonable to think *Luis* applied here.[3]

4. Lastly, Marshall argues that Chief Judge Phillips violated Federal Rule of

---

[3] Marshall previously filed an emergency petition for a writ of mandamus with our court, challenging the district court's contempt order and requesting a stay pending resolution of the petition. *See* Emergency Pet. for Writ of Mandamus & Mot. for Stay, *Marshall v. United States District Court*, No. 17-71781 (9th Cir. 2017), ECF No. 1. We denied the motion for a stay, as well as the petition for mandamus. Ct. Order, *Marshall v. United States Dist. Ct.*, No. 17-71781 (9th Cir. 2017), ECF Nos. 9, 10.

Civil Procedure 63 and created "due process concerns" when she entered final judgment without certifying her familiarity with the record, given that Judge O'Connell had presided over the summary judgment proceedings and issued the order granting summary judgment to the FTC. Rule 63 has no bearing at summary judgment, where the court's role is to assess what is uncontested in the record without making credibility determinations. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (explaining that at summary judgment, "the judge does not weigh conflicting evidence with respect to a disputed material fact . . . [n]or does the judge make credibility determinations"). And Marshall has not explained what "process" he was deprived of when we review de novo the summary judgment order.

**AFFIRMED.**