**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 28 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SCOTT S. ROUSE, | No. 18-17452 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-02939-JCM-CWH |
| v. | |
| WYNN LAS VEGAS, LLC, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted May 6, 2020
Portland, Oregon

Before: WATFORD and HURWITZ, Circuit Judges, and PREGERSON,** District Judge.

The parties are familiar with the facts of this case, which we repeat here only

to the extent necessary to explain our decision. We have jurisdiction pursuant to

28 U.S.C. § 1291 and, having reviewed the district court's grant of summary

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

judgment de novo, reverse in part, affirm in part, and remand for trial.

1.      There are several triable issues regarding Appellant's FMLA request. As an initial matter, we must consider Appellant's affidavit, as courts "may not disregard a piece of evidence at the summary judgment stage solely based on its self-serving nature." *Nigro v. Sears, Roebuck and Co.*, 784 F.3d 495, 497 (9th Cir. 2015). The affidavit could be read, in context, to suggest that Appellant knew that his supervisors were aware of the possibility that he would need surgery because Appellant had told them as much several months before August 2017.

A reasonable factfinder could also conclude that Appellant's July 19 e-mail constituted an FMLA request. Although Appellee argues that the e-mail suggested that Appellant sought to take paid vacation rather than FMLA leave, "[i]n all cases, the employer should inquire further of the employee if it is necessary to have more information about whether FMLA leave is being sought by the employee, and obtain the necessary details of the leave to be taken." 29 C.F.R. § 825.302(c). The facts here are not comparable to those in *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236 (9th Cir. 2014), where the employee stated that she intended to request vacation time rather than FMLA leave, and had successfully followed company FMLA procedures fifteen times in the past.[1] *Escriba*, 743 F.3d at 1245.

---

[1]  Moreover, *Escriba* was not decided on appeal from a grant of summary judgment, but rather from a denial of judgment as a matter of law, which this Court

As to procedural adequacy, the possibility that Appellant's supervisors knew about his possible need for surgery "for months," discussed above, forecloses summary judgment in favor of Appellee on timeliness grounds. And, even if Appellant did not give notice until July 19, a trier of fact could nevertheless conclude that Appellee waived the thirty-day notice requirement by responding, "Ok, thanks" to Appellant's e-mail. *See* 29 C.F.R. § 825.304(e). With respect to Appellee's administrative processes, there is a genuine dispute as to whether the requirements were "usual and customary." *See* 29 C.F.R. § 825.302(d). Appellee's designated representative did not know whether Appellant actually received any FMLA training, and confirmed that, although supervisors were supposed to direct employees to the BASIC administrative system, Appellant was not instructed to utilize BASIC in 2017. Appellant, for his part, testified and stated in his declaration that he never received FMLA training, did not know how to request FMLA leave, and had never heard of BASIC.[2]

2.      There is also a genuine dispute as to whether, assuming Appellant did make a valid FMLA request, Appellee used that request as a negative factor in its decision to terminate him. FMLA "regulations clearly prohibit the use of FMLA-

---

reviewed for substantial evidence supporting a jury verdict. *Escriba*, 743 F.3d at 1245-46.

[2] Although Appellant utilized the BASIC procedures in 2013, he also stated that his supervisor had helped arrange that FMLA leave.

protected leave as a negative factor *at all*." *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1131 (9th Cir. 2001).  Appellant presented circumstantial evidence of a link between his FMLA request and his termination. Aside from the temporal proximity of as little as nine days between the two events, Appellant introduced evidence that his supervisor (1) received the FMLA request and therefore had notice of it (2) made the decision to suspend Appellant, ostensibly for the movie-watching incident, (3) conducted the investigation of the incident, and (4)  made the decision to terminate Appellant's employment.  *See Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1136 (9th Cir. 2003) ("Where termination decisions rely on subjective evaluations, careful analysis of possible impermissible motivations is warranted because such evaluations are particularly susceptible of abuse and more likely to mask pretext.") (internal quotation marks omitted).

3.      No reasonable trier of fact could conclude that Appellant suffered any prejudice from Appellee's alleged failure to timely notify Appellant of his eligibility for FMLA leave.  Appellee is therefore entitled to summary judgment on Appellant's notice-based claims.  *See Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002); *Conoshenti v. Pub. Serv. Elec. & Gas Co.*, 364 F.3d 135, 143 (3d Cir. 2004).  Even assuming that Appellant's lost opportunity to take advantage of health insurance coverage implicates a right guaranteed by the FMLA, there is no evidence that Appellant would have done anything differently had he received

18-17452

timely notice that he was eligible for FMLA leave.[3]  There is no indication, for example, that, had Appellant been told that he was eligible for leave "months" before August, he would have rushed to have surgery.[4]

Nor is there any evidence that Appellant would have acted differently if he had received timely notice of his eligibility for FMLA leave after his July 19 e-mail.  Appellant appears to argue that, had he been timely notified that he was <u>not</u> eligible for FMLA leave, he would have rushed to have surgery before his employment and health benefits were terminated.  There appears to be no dispute, however, that Appellant <u>was</u> eligible for FMLA leave while he was suspended.  Thus, timely FMLA notice would not have put Appellant on notice that his job was in jeopardy or motivated him to advance his surgery date.

For these reasons, we reverse the district court's grant of summary judgment, except with respect to Appellant's notice-based claims.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

---

[3] This is not to say that Appellant cannot seek surgery costs as part of his "negative factor" interference claim.  *See* 29 U.S.C. § 2617(a)(1)(A)(i).

[4]  Indeed, at that point, Appellant himself was not sure whether surgery would be necessary.

18-17452