NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTOR NAVARRETE, an individual, | No.   20-55528 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-06080-RGK-SK |
| v. | |
| KINKISHARYO INTERNATIONAL, LLC, a Delaware limited liability company, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted February 5, 2021**
Pasadena, California

Before:  GOULD, OWENS, and VANDYKE, Circuit Judges.

Victor Navarrete appeals from the district court's judgment granting

Kinkisharyo International's motion for summary judgment in Navarrete's suit

alleging employment discrimination on the basis of disability.  As the parties are

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

familiar with the facts, we do not recount them here. This court reviews a district court's grant of summary judgment de novo, *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015), and evidentiary rulings for abuse of discretion, *Tritchler v. County of Lake*, 358 F.3d 1150, 1155 (9th Cir. 2004). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. In an employment discrimination action, this court follows the *McDonnell Douglas* burden-shifting framework: (1) the plaintiff must first establish a prima facie case of discrimination, (2) the employer must then demonstrate a legitimate nondiscriminatory reason for termination, and (3) if met, the burden then shifts back to the plaintiff to show that the defendant's stated rationale is mere pretext. *Merrick v. Hilton Worldwide, Inc.*, 867 F.3d 1139, 1145–46 (9th Cir. 2017). To demonstrate pretext, the plaintiff can either make his case "directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 746 (9th Cir. 2011). "If a plaintiff uses circumstantial evidence to satisfy this burden, such evidence must be specific and substantial." *Id.* (internal quotation marks omitted). Navarrete's case is based on circumstantial evidence.

The district court found that Kinkisharyo had demonstrated a legitimate, nondiscriminatory reason for Navarrete's termination—timecard fraud—and that

2

Navarrete failed to show that this reason was pretext. Navarrete challenges that finding, but none of his arguments are sufficiently specific or substantial to raise a triable issue as to pretext. First, Navarrete argues that Kinkisharyo's failure to provide him with compromising surveillance footage demonstrates an improper motive, but Navarrete has already admitted to the very conduct that the video purported to show: that he left the facility around 11 AM. Moreover, there is no evidence that Kinkisharyo typically shows employees its surveillance footage at termination meetings. Second, Navarrete alleges various inconsistencies and errors in his manager Rafael Mendez's testimony, but these inconsistencies are either minor, immaterial, or miss the mark, as it is not "facially unreasonable or absurd" for Mendez—who supervised Navarrete for three years—to believe that he could identify Navarrete on camera based on his physical characteristics and mannerisms. Third, Navarrete briefly argues that there is evidence of "spoliation" and "temporal proximity" between his suspension and medical leave, but these cursory arguments are speculative, inadequately briefed, and lack record cites, and thus are also insufficient on appeal. *See Crime Just. & Am., Inc. v. Honea*, 876 F.3d 966, 978 (9th Cir. 2017) ("Issues raised in a brief which are not supported by argument are deemed abandoned.").

Lastly, Navarrete disputes the district court's finding that the fact that Kinkisharyo fired two other people for timecard fraud on the same day that it fired

3

Navarrete bolsters the company's proffered justification. Navarrete's arguments, however, ignore relevant parts of the record. Navarrete attempts to analogize his situation to a third employee who was *not* fired, but inadequately addresses Kinkisharyo's explanation that the third employee was corrected "right away" before he had the chance to steal company time—in contrast to Navarrete, who was corrected only after he had been gone for "[a]bout 15 minutes." Thus, Navarrete's effort to undermine Kinkisharyo's proffered explanation on this ground also fails.

2. Navarrete argues that if summary judgment is reversed as to his discrimination claims, then it must also be reversed as to his failure to accommodate claims. Because summary judgment should stand, however, we reject Navarrete's efforts to revive his failure to accommodate claims on that ground. In addition, despite Navarrete's contention that Kinkisharyo failed to accommodate his disability by suspending him on the day of his medical appointment, nothing in the record suggests that the company prevented Navarrete from attending his appointment. Rather, Kinkisharyo granted Navarrete's request for leave, and Navarrete does not cite authority for his contention that an employer must keep its employees on active duty until the leave period begins.

3. Finally, Navarrete argues that the district court erred in failing to grant his evidentiary objections to several witnesses' testimonies. These objections are

4

relevant only to the extent that the district court relied on those testimonies in granting Kinkisharyo's summary judgment motion.  Thus, we need only consider the objections to Mendez's testimony.  Navarrete argues that Mendez's testimony is inadmissible because Mendez lacked personal knowledge as to why Navarrete was fired.  This argument lacks merit.  Mendez was a percipient witness who observed the activity for which Navarrete was fired, participated in the investigation into timecard fraud, identified Navarrete in the surveillance footage, and was present at Navarrete's termination meeting.  The written record also supports Mendez's testimony that Navarrete was fired for timecard fraud.  As a result, the district court did not abuse its discretion on this issue.

**AFFIRMED**.