**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAFETY PPE, LLC, | No.   23-55241 |
| Plaintiff-Appellee, | D.C. No.<br>2:21-cv-03967-JFW-PD |
| v. | |
| SKANDA GROUP OF INDUSTRIES LLC;<br>NAGENDRA KARRI, an individual, | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted May 17, 2024
Pasadena, California

Before:  GOULD and N.R. SMITH, Circuit Judges, and HINDERAKER,[**] District
Judge.

Skanda Group of Industries, LLC, and its CEO, Nagendra Karri, appeal the

district court's summary judgment determination that Karri is liable for claims

against Skanda Group under the doctrine of alter ego. Skanda Group and Karri

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]       The Honorable John Charles Hinderaker, United States District Judge
for the District of Arizona, sitting by designation.

argue on appeal that the district court improperly awarded summary judgment as to alter ego liability by "reversing the burden of proof," speculating, and drawing inferences against them. We review de novo a district court's summary judgment order. *Pac. Gulf Shipping Co. v. Vigorous Shipping & Trading S.A.*, 992 F.3d 893, 897 (9th Cir. 2021). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Summary judgment is appropriate when a movant with the burden at trial "affirmatively demonstrate[s] that no reasonable trier of fact could find other than for the moving party." *Rookaird v. BNSF Ry. Co.*, 908 F.3d 451, 459 (9th Cir. 2018) (citation omitted). Under California law, alter ego liability requires "(1) that there be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow." *Mesler v. Bragg Mgmt. Co.*, 702 P.2d 601, 606 (Cal. 1985) (citation omitted). A unity of interest may be shown by, among other things, a commingling of assets. *See Ming-Hsiang Kao v. Holiday*, 272 Cal. Rptr. 3d 321, 326 (Ct. App. 2020). And although an inequitable result does not require fraud, bad faith is an underlying consideration. *See Hacker v. Fabe*, 310 Cal. Rptr. 3d 192, 200 (Ct. App. 2023) (citations omitted).

Safety PPE presented considerable evidence showing that Skanda Group improperly used a $2,580,000 deposit entrusted to it by Safety PPE. Specifically,

Safety PPE's evidence showed that Skanda Group received back Safety PPE's deposit from a manufacturer and, rather than return it as contractually obligated, spent it for Karri's benefit. Skanda Group transferred approximately $500,000 to a cryptocurrency account in Karri's name and transferred another roughly $1,800,000 through companies Karri controlled to purchase a house for Karri.[1] At the same time, Skanda Group and Karri resisted Safety PPE's efforts to get its deposit back. Karri initially denied Skanda Group possessed Safety PPE's deposit, then refused to return it, then drained Skanda Group's corporate account to avoid a writ of attachment.

Skanda Group's and Karri's opposing evidence—a single affidavit in which Karri insists each transaction was legitimate—is insufficient to create a triable issue. Summary judgment may not be resisted with an affidavit stating only conclusions, or lacking detailed facts or supporting evidence. *See Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015) (citations omitted). Karri's affidavit is almost entirely conclusory, at one point simply reciting and denying various factors of an alter ego analysis. That does not "go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial."

---

[1] These transactions are also the subject of a default judgment against Skanda Group and Karri in a fraudulent-transfer case between the same parties. *See Safety PPE, LLC v. Skanda Grp. of Indus. LLC, et al.*, No. 2:22-cv-01814, ECF No. 90 (C.D. Cal. Jan. 29, 2024).

*Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (citation and internal quotation marks omitted). Other parts of Karri's affidavit are insufficiently detailed or lack supporting evidence. For example, Karri attempts to dispute the cryptocurrency transfers by stating they were an "unsuccessful Skanda investment." And he attempts to dispute the inter-company transfers that ultimately purchased his residence by stating they were "arms-length invoiced transactions . . . whether loans, investments, or contracts." Without more detail or any supporting evidence, that is insufficient to demonstrate a genuine issue for trial. And the few aspects of Karri's affidavit that are not similarly deficient dispute only immaterial facts.

Under the circumstances, we have no difficulty concluding that a jury could not find for Skanda Group and Karri.

**AFFIRMED.**

4