**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 23 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FEDERAL TRADE COMMISSION; CALIFORNIA DEPARTMENT OF FINANCIAL PROTECTION AND INNOVATION, | No. 24-2408 |
| | D.C. No. 2:22-cv-06499-FLA-MAR |
| Plaintiffs - Appellees, | MEMORANDUM[*] |
| v. | |
| ARMANDO SOLIS BARRON, | |
| Defendant - Appellant, | |
| and | |
| MICHAEL NABATI, DOMINIC AHIGA, ROGER SCOTT DYER, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Submitted May 21, 2025[**]
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: GRABER, WARDLAW, and JOHNSTONE, Circuit Judges.

Armando Solis Barron appeals from the district court's grant of summary judgment in favor of the Federal Trade Commission and the California Department of Financial Protection and Innovation (collectively, the "government"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

This case arises from a mortgage assistance relief scam perpetrated by various corporate and individual defendants.[1] Under this scheme, Corporate Defendants would contact homeowners promising lower mortgage interest rates, reduced principal balances, and loan forgiveness in exchange for large, upfront payments. However, Corporate Defendants failed to deliver on those promises, pocketing over $15 million from homeowners. Corporate Defendants also falsely represented that the homes could not be foreclosed upon, that homeowners should not contact their mortgage servicers, and that Defendants were part of a government relief program related to COVID-19. Barron was one of four individuals who managed the Corporate Defendants and directed the offers that sales representatives could present to the homeowners.

---

[1] The corporate defendants are Green Equitable Solutions, South West Consulting, Apex Consulting, Infocom Entertainment, Equity Relief Funding, Advent Consulting (collectively, the "Corporate Defendants") and the "Relief Defendant" is MostCap. The individual defendants are Michael Nabati, Barron, Dominic Ahiga, and Roger Scott Dyer.

The government initiated this action in September 2022, alleging various violations of state and federal consumer protection laws. After the close of discovery, the government moved for summary judgment on all claims against all defendants. Over Barron's objections, the district court granted summary judgment for the government, finding him personally liable for the Corporate Defendants' legal violations.

As an initial matter, Barron's opening brief contains no citations to the record, so his brief fails to comply with Federal Rule of Appellate Procedure 28. *See* Fed. R. App. P. 28(a)(8)(A) ("The appellant's brief must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."). This defect alone is a sufficient ground to dismiss Barron's appeal. *See Han v. Stanford Univ.*, 210 F.3d 1038, 1040 (9th Cir. 2000); *see also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant."). We nevertheless exercise our discretion to consider the merits of his appeal.

Reviewing the record de novo, we conclude that the district court properly granted summary judgment in favor of the government. Barron failed to raise a genuine issue of material fact as to his personal liability. *See FTC v. Grant Connect, LLC*, 763 F.3d 1094, 1101–02 (9th Cir. 2014). Barron contends that genuine issues of material fact as to his knowledge and involvement in the

24-2408

mortgage scam preclude the district court's finding of personal liability. He argues that the district court erred in denying his request to withdraw his admission—pursuant to Federal Rule of Civil Procedure 36 as a result of his failure to timely respond to requests for admission—that he was an officer, director, shareholder, manager, employee, and agent of each of the Corporate Defendants. However, even setting aside this admission, the government provided sufficient evidence to establish Barron's direct involvement in, and knowledge of, the fraudulent scheme through: (1) the declaration of a former employee (Cabral), which showed that Barron was one of the individuals who managed Corporate Defendants and was directly involved in the presentation of offers to consumers[2]; (2) deposition testimony and discovery responses from Barron's co-defendants showing that he had management responsibilities and authority and that he oversaw and participated in sales deals; and (3) internal messages and third-party records establishing his leadership position and participation in the scam.[3]

Barron's declaration, which disputed those facts, failed to raise a genuine issue of material fact as to his direct personal involvement and knowledge. First,

[2] Barron's argument that Cabral's declaration was "unreliable" because he did not have the opportunity to depose Cabral is forfeited, as Barron fails to provide any explanation as to why he was unable to depose her.
[3] We may affirm the district court's grant of summary judgment on any grounds fairly supported by the record. *See Consumer Fin. Prot. Bureau v. Gordon*, 819 F.3d 1179, 1187 (9th Cir. 2016).

Barron's declaration was not made under penalty of perjury in compliance with 28 U.S.C. § 1746, rendering it inadmissible under Rule 56(c)(4). *See United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003); *see also* Fed. R. Civ. P. 56(c)(4) Advisory Committee's Comment to 2010 Amendment. Barron has not shown that the district court abused its discretion when it declined to consider any statements made by Barron in that declaration.[4] *See Sea-Land Serv., Inc. v. Lozen Int'l*, 285 F.3d 808, 813 (9th Cir. 2002) ("We review for abuse of discretion evidentiary rulings made in the context of summary judgment."). Second, the deposition testimony that Barron cites in his declaration fails to create a *genuine* issue of material fact, as that testimony cannot reasonably be read to controvert the government's evidence demonstrating that Barron was in fact involved in the scam.[5] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

**Affirmed.**

---

[4] We note, however, to the extent the district court disregarded Barron's declaration based on its "self-serving" nature, it erred. "Self-serving" declarations that rely on facts based on personal knowledge may be considered by the district court. *See Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497–98 (9th Cir. 2015).

[5] Barron has forfeited his remaining arguments by failing to develop them sufficiently. *See Greenwood*, 28 F.3d at 977.